55497. TIMBERLAND EQUIPMENT LIMITED v. JONES et al.
55498. TIMBERLAND EQUIPMENT LIMITED v. FOSGATE.
55499. TIMBERLAND EQUIPMENT LIMITED v. WOLFE.
55500. TIMBERLAND EQUIPMENT LIMITED v. FOSGATE.
55501. TIMBERLAND EQUIPMENT LIMITED v. WOLFE.

BANKE, Judge.
This is an interlocutory appeal from an order finding the appellant subject to the trial court's jurisdiction under the Georgia Long Arm Statute. The appellant, a

Canadian corporation, manufactured an allegedly defective safety hoist which killed or injured several persons when it malfunctioned while in use on a construction project in Georgia. The appellant had sold the hoist to a Pennsylvania construction firm, which then brought it to Georgia for use in building a large chimney at the site of a nuclear power plant.

1. Code Ann. § 24-113.1 (b) (as amended through Ga. L. 1970, pp. 443, 444) provides for personal jurisdiction over any nonresident who "[c]ommits a tortious act or omission within this State. . ." This statute has been interpreted to confer jurisdiction "where the [tortious act] occurred outside the State of Georgia and the damage resulting therefrom occurred inside the State of Georgia." *Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 61 (195 SE2d 399) (1973), revg. 125 Ga. App. 845 (189 SE2d 459) (1972). Such exercise of jurisdiction is authorized "to the maximum extent permitted by procedural due process." *Coe & Payne,* supra, 230 Ga. p. 60.

In order to satisfy the constitutional requirement of procedural due process, it must be shown that the nonresident defendant has some "minimum contact" with the forum state so as to make that state's exercise of jurisdiction over the defendant reasonable. The sale of an item which may reasonably be expected to find its way into the forum state in the ordinary course of events has been held to establish such a minimum contact in a products liability case. See *Coe & Payne,* supra (jurisdiction sustained over foreign manufacturer which sold goods to foreign distributor which sold goods to Georgia corporation which sold the goods to Georgia individual). See also *Shellenberger v. Tanner,* 138 Ga. App. 399 (227 SE2d 266) (1976) (sale of airplane to Georgia corporation in Oklahoma which was resold in this state held to establish sufficient minimum contact); *Value Engineering Co. v. Gisell,* 140 Ga. App. 44 (230 SE2d 29) (1976) (shipment of goods from Virginia to Louisiana with knowledge that they would be routed through Atlanta held to establish sufficient minimum contact).

In the case before us now, the appellant's president stated that although his firm did not know in which state

the hoist would be utilized, he did know at the time of its sale to the Pennsylvania construction company that that company operated in every state in the United States. Under these circumstances, we find that it was reasonably foreseeable at the time the hoist was delivered that it would be utilized in Georgia in the ordinary course of events. Accordingly, we find that a sufficient minimum contact existed to authorize the trial court's exercise of personal jurisdiction over the appellant pursuant to Code Ann. § 24-113.1 (b), supra. See *Coe & Payne,* supra. Accord, Gray v. American Radiator &c. Corp., 22 Ill. 2d 432 (176 NE2d 761) (1961).

2. The appellant's remaining contention is that the trial court erred in failing to rule that the burden of establishing jurisdiction was on the appellees. Since the evidence contained in the record adequately supports the finding of jurisdiction, we find this issue to be moot.

*Judgment affirmed. Deen, P. J., and Smith, J., concur.*

ARGUED MARCH 2, 1978 — DECIDED JUNE 22, 1978— REHEARING DENIED JULY 10, 1978—

*Martin, Snow, Grant & Napier, George C. Grant,* for appellant.

*G. L. Dickens, Jr., Greene, Buckley, DeRieux & Jones, John D. Jones, Harris, Watkins, Taylor & Davis, Joseph H. Chambless, Neely, Neely & Player, Edgar A. Neely, Jr., Erwin, Epting, Gibson & McLeod, E. Davison Burch, Powell, Goldstein, Frazer & Murphy, Robert W. Patrick,* for appellees.