The **MICROMANIPULATOR CO., INC.,** a Nevada corporation, Plaintiff,

v.

Joseph N. **BOUGH,** an individual doing business as Bouco Sales Associates and as Mc Systems, Defendant.

No. CIV–R–82–231–ECR.

United States District Court, D. Nevada.

Dec. 6, 1982.

Beckley, Singleton, DeLanoy & Jemison, Reno, Nev., for plaintiff.

Sala, McAuliffe, White & Long, Reno, Nev., for defendant.

## ORDER

EDWARD C. REED, Jr., District Judge.

Defendant has moved to dismiss this action pursuant to Rule 12(b)(3) of the Fed.R. Civ.P. on the basis of improper venue. The complaint herein contains multiple claims which involve several venue provisions. Three of plaintiff's claims are based upon diversity of citizenship while the remaining two claims, for copyright infringement and false designation of goods have been brought pursuant to federal law. The general venue provision of 28 U.S.C. § 1391(b) reads:

> "A civil action wherein jurisdiction is not founded solely on diversity of citizenship may be brought only in the judicial district where all defendants reside, or in which the claim arose, except as otherwise provided by law."

Plaintiff argues that the special venue provision of 28 U.S.C. § 1400(a) relating to copyright actions applies. The claim for false designation of goods brought pursuant to 15 U.S.C. § 1125 has no special venue provision and thus comes under 28 U.S.C. § 1391(b). Any reasonable reading of the complaint indicates that this claim did not arise in Nevada and that venue then properly lies in the district where defendant resides.

28 U.S.C. § 1400(a) provides that actions relating to copyrights may be brought "in the district in which the defendant or his agent resides or may be found." A defendant may be found wherever he may be constitutionally served with process. *United Merchants & Manufacturers, Inc. v. Davis & Dash*, 439 F.Supp. 1078, 1085 (D.Maryland 1977). Once proper venue is obtained over one of the federal claims the other may be adjudicated in the same proceeding as well. *Dolly Toy Co. v. Bancroft-Rellim Corp.*, 97 F.Supp. 531, 536 (S.D. N.Y.1951).

The question in this case amounts to whether valid service of process can be obtained over defendant in this district. If the answer is yes, then there is proper venue for the copyright claim under § 1400(a) because defendant may be found here within the meaning of that section. The other claims may then be litigated in this action too. If it does not appear that valid service of process can be obtained over defendant then proper venue in this action is in the district where defendant resides pursuant to 28 U.S.C. § 1391(b).

The relationship which gave rise to the underlying dispute in this action was created by contract entered into between plaintiff and defendant in 1980. Pursuant to the agreement defendant, located in Dallas, Texas, agreed to become plaintiff's sales representative and call on customers in Oklahoma and Texas. Under the agreement sales orders were received by plaintiff, located in Nevada, from defendant. In opposing this motion plaintiff contends that by infringing upon plaintiff's copyright defendant committed a tortious act causing injury in this district. Plaintiff also asserts that defendant transacted business and negotiated commercial paper here.

The burden of proving the existence of a factual basis for the exercise of in person-

**38**

am jurisdiction is on the plaintiff. *Northcross v. Joslyn Fruit Co., Inc.,* 439 F.Supp. 371 (D.Ariz.1977). Rule 4(e) of the Fed.R. Civ.P. allows service of process in this Court under the state's long-arm statute. The Nevada long-arm statute, NRS 14.065, has been interpreted as conferring jurisdiction to the limits permitted by the United States Constitution. *Davis v. Eighth Judicial District of State of Nevada,* 97 Nev. 332, 629 P.2d 1209 (1981). In this regard federal law is controlling on the issue of due process under the United States Constitution. *Amba Marketing Systems v. Jobar International, Inc.,* 551 F.2d 784, 789 (9th Cir.1977).

The United States Supreme Court recently discussed the restriction of the Due Process Clause upon the reach of state long-arm statutes in *World Wide Volkswagen Corporation v. Woodson,* 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980). In quoting from the seminal case of *International Shoe Co. v. Washington,* 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 the Court said that "the Due Process Clause 'does not contemplate that the state may make binding a judgment *in personam* against an individual or corporate defendant with which the state has no contacts, ties, or relations.'"

■ The scant record in this case does not reveal any contacts or ties by defendant with the State of Nevada. While defendant does have a contractual relationship with plaintiff, a Nevada resident, there is no indication that defendant or an agent have ever been present in Nevada or otherwise purposefully availed himself of the privilege of conducting activities within the state. There is no basis in which to find that defendant has either transacted any business or negotiated commercial paper within the forum state.

Plaintiff relies in large part upon the contention that *in personam* jurisdiction over the defendant may be obtained in this forum because defendant committed a tortious act causing injury in Nevada. While it is true that personal jurisdiction may be obtained over an out-of-state defendant on the basis of a tortious act committed outside of the state having an effect within the

state, the plaintiff here has failed to meet his burden to show existence of the requisite jurisdictional facts in order to allow the Court to make such a finding here. *See Data Disc, Inc., v. Systems Technology Associates, Inc.,* 557 F.2d 1280 (9th Cir.1977).

■ In any event, it appears that since all of the alleged wrongful conduct by defendant in this case occurred in or about the place for performance of the subject contract, proper venue in this action properly lies in the district of defendant's residence. Thus, it appears appropriate to the Court the relief urged by both parties in the alternative should be granted.

IT IS HEREBY ORDERED that this case be transferred to the United States District Court for the Northern District of Texas.