**Melinda MAYS, Plaintiff,**

v.

**LAURANT PUBLISHING, LTD., and
Vicki Khuzami, Defendants.**

**Civ. A. No. C83–2541A.**

United States District Court,
N.D. Georgia,
Atlanta Division.

Aug. 29, 1984.

John S. Graettinger, Jr., Frankel, Hardwick, Tanenbaum, Fink & Clark, Atlanta, Ga., for plaintiff.

Daryll Love, Powell, Goldstein, Frazer & Murphy, Atlanta, Ga., for defendants.

## ORDER

ROBERT H. HALL, District Judge.

This action is presently before the court on defendant Khuzami's motion to dismiss. Federal jurisdiction is predicated upon diversity of citizenship, 28 U.S.C. § 1332. For the reasons stated herein, defendant's motion is DENIED.

**FACTS**

In this action plaintiff seeks to recover damages allegedly resulting from the unauthorized publication of her likeness in *Oui Magazine* ("Oui"). *Oui,* published by defendant Laurant Publishing, Ltd ("Laurant"), is circulated nationally. Defendant Khuzami is a freelance artist who has, in the past, supplied pornographic paintings to Jeff Goodman, presently the editor of *Oui,* for use in national magazines.

On Friday, January 7, 1983, Goodman and *Oui's* art director, Joel Ponzan, asked Khuzami to do a pornographic painting to accompany a story for the April, 1983 issue of *Oui.* Khuzami read the story and was told by Laurant's agent to paint a picture of a beautiful blond in a science fiction background.

Khuzami began by looking through several magazines, including the February, 1983 issue of *Playboy.* She selected a picture of the plaintiff, Melinda Mays, from *Playboy.* Khuzami used a machine to project an image of the photograph onto a piece of white paper, she then painted a picture of the plaintiff, portraying her using a vibrator for sexual stimulation.

On January 10, 1983, Laurant paid Khuzami $450 for the painting. The painting

was accepted by Laurant on January 12, 1983, after certain specified changes had been made. The painting was published in the April, 1983 issue of *Oui*.

Plaintiff, *Playboy*'s Miss February, 1983, is a resident of Conyers, Georgia. Her complaint alleges causes of action for defamation and invasion of privacy, and seeks punitive damages and attorney's fees. Defendant Khuzami has made a Rule 12(b) motion on the ground that this court lacks *in personam* jurisdiction over her.[1] Further facts will be disclosed as necessary for the discussion of the motion.

**DISCUSSION**

Plaintiff contends that defendant Khuzami is subject to the jurisdiction of this court under Ga. Off'l Code Ann. § 9–10–91 (1982), the Georgia Long-Arm Statute. In order to confer jurisdiction over non-residents, § 9–10–91 requires that the defendant either:

1) transacts any business within this state; or

2) commits a tortious act or omission within this state, except as to a cause of action for defamation of character arising from the act; or

3) commits a tortious injury in this state caused by an act or omission outside this state if the tort-feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state; or

4) owns, uses, or possesses any real property situated within this state.

The evidence is undisputed that Khuzami is not a resident of Georgia, has never transacted any business in Georgia, and has never owned, used, or possessed any property in Georgia. Additionally, there is no evidence that Khuzami "does or solicits business ... engages in any other persist-

ent course of conduct, or derives substantial revenues from goods ... or services" so as to come within paragraph (3).[2] The issue becomes, therefore, whether paragraph (2) provides a basis for *in personam* jurisdiction over defendant Khuzami.

■ Defendant contends that paragraph (2) cannot provide a basis for jurisdiction because this subsection expressly excepts causes of action for defamation. If plaintiff's entire complaint was based on an allegation of defamation, defendant would be correct that paragraph (2) would be inapplicable. However, plaintiff has also stated a cause of action for invasion of privacy, specifically false light and appropriation of name or likeness. If the court has personal jurisdiction as to the privacy claims it has jurisdiction as to all claims. *Mack Truck, Inc. v. Arrow Aluminum Castings Co.*, 510 F.2d 1029 (5th Cir.1975).

■ In order for this court to have personal jurisdiction over defendant the court must find that plaintiff's invasion of privacy claims allege the commission of a tortious act within the state of Georgia, pursuant to paragraph (2).

Paragraph (2) of the Long Arm Statute has been interpreted to provide jurisdiction where the tortious act occurs outside the state if the damage resulting therefrom occurs within the state. *Spelsberg v. Sweeney*, 514 F.Supp. 622 (S.D.Ga.1981); *Timberlake Equipment, Ltd. v. Jones*, 146 Ga. App. 589, 246 S.E.2d 709 (1978). As both parties acknowledge, the leading case interpreting paragraph (2) is *Shellenberger v. Tanner*, 138 Ga.App. 399, 227 S.E.2d 266 (1976). In *Shellenberger* the court held that a non-resident defendant may be subject to the jurisdiction of a Georgia court under this section only when:

(1) The nonresident has purposefully done some act or consummated some transaction with or in the forum (but the actual act or omission resulting in the

---

**1.** Defendant's motion also alleged insufficiency of service of process but such defense was not argued by defendant. The court concludes that defendant abandoned this theory.

**2.** The court recognizes plaintiff's conspiracy argument regarding jurisdiction. Because of the court's determination that paragraph (2) provides *in personam* jurisdiction, the court need not reach this argument.

injury here need not have occurred in this state). The defendant need not be physically within the forum when this act or transaction occurs and a single such instance may suffice; (2) The Georgia plaintiff must have a legal cause of action in tort against the nonresident, which arises out of, or results from, the purposeful activity of the defendant involving this state; a resident is a victim of a "tortious act" when he suffers an injury here due to an act or omission of negligence occurring outside this state; and (3) If the requirements of (1) and (2) are satisfied, the exercise of jurisdiction over the nonresident must be "reasonable."

*Id.* at 407, 227 S.E.2d at 273.

Defendant argues that plaintiff's allegations fail to meet the "purposeful activity" requirement mandated by *Shellenberger.* This court disagrees. Plaintiff has alleged that defendant Khuzami painted a portrait of plaintiff which defamed plaintiff and invaded her privacy, and then sold such painting to a magazine which is published on a nationwide basis.[3] Defendant admits painting the picture and selling it to *Oui.* These actions amount to a purposeful and intentional infusion of defendant's product into the nationwide stream of commerce. This is not a case where by chance defendant's painting was seen by an audience for whom it was not intended.[4] Although all defendant's activities occurred in New York, defendant knew and intended that her product would be transmitted into the state of Georgia.[5]

In support of its argument defendant cites *Coopers & Lybrand v. Cocklereece,*

157 Ga.App. 240, 276 S.E.2d 845 (1981). In this case defendant was a Bahamian partnership of certified public accountants which prepared an audit of a Bahamian Company and provided the audit to two investors. Using the audit these investors extracted $30,000 from plaintiff Cocklereece, a citizen of Georgia, as an investment in the audited Bahamian Company. Plaintiff alleged that the defendant firm had fraudulently prepared the audit and that the firm was subject to the jurisdiction of Georgia courts under paragraph (2) of the Long Arm Statute. The court dismissed the case as to the defendant firm for lack of *in personam* jurisdiction. The reason for such conclusion, however, was that plaintiff had failed to produce any evidence that defendant had injected the audit into the "stream of commerce" directed to the State of Georgia with the expectation that it would be purchased or used by Georgia citizens or consumers. Plaintiff's only evidence showed that defendant may have intended the introduction of the audit into Louisiana, New York, and possibly Florida. *Id.* at 244, 276 S.E.2d at 848. As such, *Cocklereece* is clearly distinguishable from the present case in which defendant should have fully expected *Oui,* a nationally published magazine, to reach Georgia citizens and consumers.

For these reasons the court finds that it does have personal jurisdiction over defendant Khuzami and therefore DENIES her motion to dismiss.

---

**3.** The court notes that the parties dispute whether Khuzami knew plaintiff was a Georgia citizen. Without resolving this issue, the court finds that such "fact" is not material to its conclusion. The crucial point is that defendant knew, or had every reason to know, that *Oui* is published on a nationwide basis.

**4.** The court sees no merit to defendant's argument that her product "reached Georgia only after a third party, here Laurant Publishing, Ltd., independently transmitted the same to this state." (Defendant's Reply Brief at p. 8).

**5.** *See also Bradlee Management Services v. Cassells,* 249 Ga. 614, 292 S.E.2d 717 (1982), in which plaintiff sued defendant, an individual reporter, for defamation allegedly arising from a report taped by defendant reporter and broadcast by defendant television station. In *Cassells* the court stated that defendant reporter's contacts with Georgia "might be sufficient to satisfy the general requirements of due process," *id.* at 618, 292 S.E.2d at 720, however, there was no jurisdiction under § 9–10–91(2) because the cause of action was for defamation.