Willie C. PAYNE

v.

Kris KRISTOFFERSON, Marijohn Wilkin, Buckhorn Music Publishing Co., Inc.

Civ. No. C 85–3370.

United States District Court, N.D. Georgia, Atlanta Division.

Dec. 2, 1985.

40

George M. Hopkins, Atlanta, Ga., for plaintiff.

Mark J. Kadish and Alan J. Baverman, Kadish & Kadish, Atlanta, Ga., Michael G. Berger, Jay Goldbert, New York City, for Kristofferson.

S. Ralph Gordon, Harris, Leach, Gordon, Martin & Jones, Nashville, Tenn., for Wilkin & Buckhorn Music.

## ORDER

ORINDA D. EVANS, District Judge.

This action is currently before the court on Defendants' motion to dismiss for lack of personal jurisdiction and for improper venue or, in the alternative, to transfer this action to the United States District Court for the Middle District of Tennessee. For the following reasons, Defendants' motion is denied.

## FACTS

Plaintiff filed this action for injunctive relief and damages for alleged copyright infringement pursuant to the Federal Copyright Act, 17 U.S.C. § 101, *et seq.*, and the common law. Federal jurisdiction is based upon diversity of citizenship, 28 U.S.C. § 1332(a) and upon the existence of a federal question, 28 U.S.C. § 1338(a). Venue is founded on 28 U.S.C. §§ 1391 and 1400(a), and service was affected pursuant to Georgia's long-arm statute, O.C.G.A. § 9–10–91.

Plaintiff, a resident of Georgia, alleges that in 1968 she created, wrote and composed the words to an original musical song entitled "The Way: One Day at a Time." In 1983, Plaintiff alleges that she secured exclusive rights and privileges to the song, and received a registration certificate to that effect. Plaintiff contends that she holds the sole and exclusive right to perform, publish or copyright the song, and that she has entered into no agreement with any individual or corporation for the purposes of publishing, recording or copying such song.

In 1973, Defendant Buckhorn Music Publishing Company, Incorporated ("Buckhorn"), obtained a copyright registration certificate for a song entitled "One Day at a Time," representing that Defendants Kristofferson and Wilkin had written the words and music to said song. Plaintiff contends that Defendants' 1973 copyright was applied for and obtained by Defendants for the purpose of misleading the public as to the origins of the song, and to deprive Plaintiff of her legal and financial rights to the song. Plaintiff claims that the words and music of Defendants' song were copied from her song, that Defendants' version has since been performed and recorded by numerous persons throughout the United States, and that Defendants have thereby received substantial royalties and profits.

Defendant Kristofferson is a resident of California, Wilkin is a resident of Tennessee, and Buckhorn is a Tennessee corporation. Defendants contends that this court lacks personal jurisdiction over them as Georgia's long-arm statute, O.C.G.A. § 9–10–91, is inapplicable to the facts of this case. Defendants also argue that constitutional due process prohibits this court from exercising jurisdiction over non-resident defendants, with which the state of Georgia has no contacts, ties or relations.

## DISCUSSION

It is well-established that the party invoking federal court jurisdiction bears the burden of establishing the court's jurisdiction over a non-resident defendant. *Thorington v. Cash,* 494 F.2d 582, 584 n. 4 (5th Cir.1974). In a diversity action, a federal court may assert jurisdiction over a non-resident defendant only to the extent allowed by the long-arm statute of the forum state. *Moore v. Lindsey,* 662 F.2d 354, 357–58 (5th Cir.1981). A state statute confers jurisdiction only if the defendant is amenable to service under the state statute. *Walker v. Newgent,* 583 F.2d 163, 166 (5th Cir.1978); Fed.R.Civ.P. 4(e). That determination is governed by state law. *Terry v. Raymond International, Inc.,* 658 F.2d 398, 401 (5th Cir.1981). In addition, assertion of personal jurisdiction must be consistent with fourteenth amendment due process requirements, which is a question of federal law. *Oswalt v. Scripto, Inc.,* 616 F.2d 191, 196 (5th Cir.1980); *Terry v. Raymond International, Inc., supra* at 401. The court finds that Plaintiff has met her burden with respect to both the statutory and constitutional requirements.

O.C.G.A. § 9–10–91 (1982) (formerly Code Ann. § 24–113.1) provides, in pertinent part:

A court of this state may exercise personal jurisdiction over any non-resident ... in the same manner as if he were a resident of the state, if in person or through an agent, he:

\* \* \* \* \* \*

(2) commits a tortious act or omission within the state, except as to a cause of action for defamation of character arising from the act;

(3) commits a tortious injury in this state caused by an act or omission outside the state if the tort feasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this state;

\* \* \* \* \* \*

Thus, in order for this court to have personal jurisdiction over Defendants, the court must find that Plaintiff's copyright infringement claims allege the commission of a tortious act in the state of Georgia, within the meaning of subsection (2) or (3).

Subsection (2) of the long-arm statute has been interpreted to provide jurisdiction where the tortious act occurred outside the state if the damage resulting therefrom occurs from within the state. *See Coe & Payne Co. v. Wood-Mosaic Corp.*, 230 Ga. 58, 195 S.E.2d 399 (1973); *Mays v. Laurant Publishing Limited*, 600 F.Supp. 29, 30 (N.D.Ga.1984); *Spelsberg v. Sweeney*, 514 F.Supp. 622 (S.D.Ga.1981); *Timberland Equipment, Ltd. v. Jones*, 146 Ga.App. 589, 246 S.E.2d 709 (1978). The leading case interpreting subsection (2) is *Shellenberger v. Tanner*, 138 Ga.App. 399, 227 S.E.2d 266 (1976). In *Shellenberger* the court developed a three part test for determining when a non-resident defendant may be subject to the jurisdiction of a Georgia court. The court stated that subsection (2) is satisfied when:

(1) the non-resident has purposefully done some act or consummated some transaction with or in the forum (but the actual act or omission resulting in the injury here need not have occurred in this state). The defendant need not be physically within the forum when this act or transaction occurs and a single such instance may suffice; (2) the Georgia plaintiff must have a legal cause of action in tort against the non-resident, which arises out of, or results from, the purposeful activity of the defendant involving this state; a resident is a victim of a "tortious act" when he suffers an injury here due to an act or omission of negligence occurring outside this state; and (3) if the requirements of (1) and (2) are satisfied, the exercise of jurisdiction over the non-resident must be "reasonable."

*Id.* at 407, 227 S.E.2d 266.

█ Plaintiff has satisfied each part of this test. First, Plaintiff has alleged that Defendants recorded, performed, promoted and sold her copyrighted material on a nationwide basis. The fact that Defendants have allegedly transferred the distribution rights of the song to another unidentified entity is irrelevant. *See Mays, supra,* at 31, n. 4. Furthermore, the fact that Defendants may have not directly shipped the infringing song into Georgia is not a factor in deciding the applicability of O.C.G.A. § 9-10-91. It is inferable that Defendants knew and intended that their song would be distributed and performed nationwide, including within the State of Georgia. This is not a case where Defendants' song fortuitously found its way into Georgia commerce. Rather, it was foreseeable that Defendants' recordings would reach Georgia citizens and consumers.[1] As the court noted in *Mays, supra,* at 31, Defendants' actions "amount to a purposeful and intentional infusion of [their] product into the nationwide stream of commerce." In short, Defendants have sufficient "causal responsibility" for the sales and performance as their song in Georgia "to permit the conclusion that [they have],

---

**1.** The affidavit of Mr. Roger Sovine, submitted by Plaintiff, shows that Defendants' song has logged over one million performances in the United States, and over thirty-two thousand performances in Canada.

by [their] own volition, submitted [themselves] to answering in Georgia for injuries caused here..." *Shellenberger, supra,* 138 Ga.App. at 411, 227 S.E.2d 266. *See also Original Appalacian Artworks, Inc. v. Wormser,* 212 U.S.P.Q. 218 (N.D.Ga. 1980).

 *Shellenberger*'s second requirement, that Plaintiff must have a legal cause of action in tort against Defendants, is also satisfied, as copyright infringement sounds in tort. *Burwood Products Company v. Marsel Mirror and Glass Products Incorporated,* 468 F.Supp. 1215, 1218 (N.D.Ill.1979). And, third, it is entirely reasonable for this court to exercise jurisdiction over Defendants. Georgia has a legitimate interest in protecting its residents from a violation of their rights under the federal copyright laws and under common law. Furthermore, while it may be inconvenient for Defendants to stand trial in this district, the court believes that this fact is outweighed by the potential inconvenience to Plaintiff, who should not be forced to sue in a foreign forum on a cause of action allegedly arising from Defendants' introduction of its infringing song into Georgia's stream of commerce. Finally, the Georgia legislature has given the courts, through enactment of the long-arm statute, the authority to entertain litigation against non-residents who commit a tortious injury within this state. *See Shellenberger, supra,* 138 Ga.App. at 414, 227 S.E.2d 266. For these reasons, the court finds that it does have personal jurisdiction over Defendants under O.C.G.A. § 9–10–91(2).[2]

 Defendants also argue that assertion of personal jurisdiction by this court would be inconsistent with the due process clause of the Fourteenth Amendment. Specifically, Defendants argue that Plaintiff's allegations fail to meet the "minimum contact" requirement of *International Shoe Company v. Washington,* 326 U.S. 310, 316, 66 S.Ct. 154, 158, 90 L.Ed. 95 (1945) ("due process requires only that ... a defendant ... have certain minimum contacts with [the forum] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.' ") The court disagrees. Plaintiffs have alleged that Defendants intended to promote, sell and perform, caused to be promoted, sold and performed infringing products in the state of Georgia. Whether Defendants had actual and direct control over the sale and distribution of their song books and records within the state of Georgia is irrelevant. *See The Pilsbury Company v. Milky Way Productions, Incorporated, et al.,* 204 U.S.P.Q. 106, 109 (N.D. Ga.1978); *Curtis Publishing Company v. Birdsong,* 360 F.2d 344 (5th Cir.1966) (Rives, J. concurring specially); *Original Appalacian Artworks, supra,* at 219, *quoting, Bangor Punta Operations, Inc. v. Universal Marine Co.,* 543 F.2d 1107 (5th Cir.1976). By having licensed their song to a distributor, knowing that the distributor distributed or licensed the song nationally, including within the state of Georgia, Defendants have established sufficient minimum contacts with Georgia so as not to violate due process guarantees. *Testa v. Janssen,* 482 F.Supp. 1195, 1199 (W.D.Pa.1980); *Edy Clover Productions, Inc. v. National Broadcasting Company, Inc.,* 572 F.2d 119 (3rd Cir.1978) (producer of television program, who knew that the program would be transmitted interstate, could have anticipated that copyright infringement might have resulted at places remote from the place of production).

The court also concludes that venue is proper in the Northern District of Georgia. As Defendants point out, 28 U.S.C. § 1400(a) is the proper venue statute, as Plaintiff alleges a cause of action under the

2. The court also concludes that O.C.G.A. § 9–10–91(3) is applicable in view of the facts of this case. The first two criteria of subsection (3) have been established, as Defendants have (1) committed tortious injury inside Georgia (2) caused by an act outside Georgia. In addition, Defendants "derived substantial revenue from goods used or consumed for services rendered in this state." Affidavits submitted by Plaintiff clearly show that records and sheet music of Defendants' song are widely distributed by retailers and wholesalers in metropolitan Atlanta and in northern rural Georgia.

federal copyright laws and jurisdiction is found under 28 U.S.C. § 1338. *See also Time, Inc. v. Manning,* 366 F.2d 690, 696 (5th Cir.1966). § 1400(a) provides that:

Civil actions, suits or proceedings arising under any Act of Congress relating to copyrights may be instituted in the district in which the defendant or his agent resides or may be found.

It is well-settled that venue will properly lie in a copyright action wherever personal jurisdiction may be obtained under the state's long-arm statute. *See Edy Clover Productions, Inc., supra; Droke House Publishers, Inc. v. Aladdin Distributing Corp.,* 352 F.Supp. 1062, 1064 (N.D.Ga. 1972), *citing Time, Inc., supra.* As the court noted in *Testa v. Janssen, supra,* at 1197:

As a practical matter, the test is identical for determining the question of venue and jurisdiction over a non-resident corporation ... Also, the reference in § 1400a to "may be found" does not impose a greater finding of presence than is required to obtain jurisdiction over a corporate defendant. Therefore, if a non-resident corporation is amenable to process under the forum's long-arm statute, in personam jurisdiction and venue are extent.

*See also Geo-Physical Maps, Inc. v. Toycraft Corporation,* 162 F.Supp. 141, 146–47 (S.D.N.Y.1958).

■ The court has already found that Defendants constitutionally may be served with process and are amenable to suit in this district under Georgia's long-arm statute. Therefore, Defendants may also be "found" in Georgia within the meaning of § 1400(a). Furthermore, once proper venue is obtained over Plaintiff's federal claims, her other claims may be adjudicated here as well. *Micromanipulator Co., Inc. v. Bough,* 558 F.Supp. 36, 37 (D.Nev.1982); *Dolly Toy Co. v. Bancroft-Rellim,* 97 F.Supp. 531, 536 (S.D.N.Y.1951). Since the court concludes that venue is proper under § 1400(a), it need not address the question of venue under the stricter requirements of § 1391(b). *Time, Inc., supra,* at 696–97.

Finally, Defendants have requested the court for a discretionary transfer of this action to the United States District Court for the Middle District of Tennessee under 28 U.S.C. § 1404(a). That section provides:

For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

■ The Plaintiff's statutory privilege of choosing his forum is a factor to be weighed in determining the convenient forum, and places the burden on Defendant to demonstrate why the forum should be changed. *Time, Inc., supra,* at 698. In an attempt to meet this burden, Defendants argue that they have no connection with the state of Georgia, that Plaintiff is not a resident of this district, that Defendants' records and witnesses are located outside Georgia, and that the Middle District of Tennessee has an allegedly lighter caseload than this district.

■ While these are all relevant considerations, the court believes that Plaintiff would be similarly imposed upon if this case were tried in Tennessee. Plaintiff states by affidavit that all her documentary evidence and most of her witnesses are located in Georgia. Additionally, Plaintiff has a limited income, and her witnesses are rural residents who also have limited incomes. Under these circumstances, the court believes that it would be unduly burdensome to require Plaintiff to incur the transportation expenses and other costs which would arise from litigating this case in Tennessee. *Accord Time, Inc., supra* at 698; *Pilsbury Co., supra,* at 110; *Original Appalacian Artworks, supra,* at 220.

Accordingly, Defendants' motion is hereby DENIED.