**Stephen Duane JOHANNSEN, Plaintiff,**

v.

**Toni BROWN, Les Kippel, Richard Wilson, Relix, Inc., Relix Magazine, Inc., and Rockin' Relix, Inc., Defendants.**

**Civ. No. 91–1094–FR.**

United States District Court,
D. Oregon.

March 20, 1992.

---

Cyrus W. Field, Trial Atty., Kohel Haver, Portland, Or., for plaintiff.

Dennis E. Stenzel, Chernoff, Vilhauer, McClung & Stenzel, Portland, Or., for defendants.

## OPINION

FRYE, District Judge:

Plaintiff, Stephen Duane Johannsen, brings this action for copyright infringement and unfair competition seeking declaratory, monetary and injunctive relief against defendants, Toni Brown, Les Kippel, Richard Wilson, Relix, Inc., Relix Magazine, Inc., and Rockin' Relix, Inc. The matter before the court is the motion of Brown, Kippel, Wilson, and Relix, Inc. to dismiss (# 12).

## BACKGROUND

Brown, Kippel, and Wilson are residents of the State of New York. Relix, Inc. is a "non-existent" corporation. Relix Magazine, Inc. and Rockin' Relix, Inc. are New York corporations. Kippel is the sole shareholder and chief executive officer of Relix Magazine, Inc. Relix Magazine, Inc. publishes *"Relix"* magazine (hereinafter *Relix*). *Relix* is a magazine based in Brooklyn, New York. *Relix* targets followers of the Grateful Dead Band and other musical groups. Rockin' Relix, Inc. is apparently in the business of merchandising products related to *Relix*.

Johannsen, a resident of the State of Oregon, is employed as an artist and printer. During the 1980's, Johannsen submitted a number of pieces of graphic art to Relix Magazine, Inc. which were published in *Relix*. Johannsen corresponded primarily with Brown. In 1987, Kippel invited Johannsen to create a cover for a future issue of *Relix*. In his studio in the State of Oregon, Johannsen created a colored pencil and graphite illustration entitled "American Relix."

Once Johannsen had completed a sketch of "American Relix," he affixed his copyright notice to the illustration and sent it to Brown, Kippel, and *Relix* in Brooklyn, New York. Brown and Kippel liked the illustration. They inquired about licensing "American Relix" for publication on the cover of *Relix* and purchasing it for a personal art collection. Johannsen and Brown and Kippel agreed to terms, and "American Relix" was subsequently featured on the cover of Volume 15, Number 6 of *Relix*.

Shortly after "American Relix" was featured on the cover of *Relix*, Johannsen learned that poster reproductions had been made of "American Relix" without his permission. Johannsen was not credited with the copyright on these poster reproductions; instead, the copyright was credited to "RELIX INC." Advertisements for these poster reproductions were placed in *Relix* and *Rolling Stone* magazine. In April, 1989, Kippel sent Johannsen a letter and invoices to document that poster reproductions had been made of "American Relix." Poster reproductions of "American Relix" are available in at least three retail stores in the State of Oregon.

## PERSONAL JURISDICTION

■ Brown, Kippel, Wilson, and Relix, Inc. move to dismiss this action pursuant to Rule 12(f) of the Federal Rules of Civil Procedure arguing that the court lacks personal jurisdiction over them. In this copyright action, the court looks to the laws of the State of Oregon to determine whether it may exercise personal jurisdiction over the nonresident defendants. The laws of the State of Oregon permit a court to exercise jurisdiction over any party so long as "prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States." Or.R.Civ.P. 4 L. Thus, the long-arm statute of the State of Oregon is coextensive with the limits of federal due process. *Gray & Co. v. Firstenberg Mach. Co.*, 913 F.2d 758, 760 (9th Cir.1990).

When the activities of a defendant within the State of Oregon are "continuous and systematic" or "substantial," a court may exercise general personal jurisdiction over that defendant without offending notions of due process. *See Lake v. Lake*, 817 F.2d 1416, 1420 (9th Cir.1987) (citing *Perkins v. Benguet Consol. Mining Co.*, 342 U.S. 437, 445, 72 S.Ct. 413, 418, 96 L.Ed. 485 (1952)). Here, the defendants lack sufficient contacts with the State of Oregon for the court to exercise general jurisdiction over them. All of the individual defendants reside in the State of New York. None of individual defendants have ever been to the State of Oregon. None of them conducts any business in the State of Oregon. None of the corporate defendants have employees or operations in the State of Oregon. Therefore, the court must examine whether it may exercise limited personal jurisdiction over the defendants.

The United States Court of Appeals for the Ninth Circuit uses a three-part test for determining when a court may exercise limited jurisdiction over a defendant: "1) the nonresident defendant must have *purposefully availed* himself of the privilege of conducting activities in the forum by some affirmative act or conduct; 2) plaintiff's claim must *arise out of* or result from the defendant's forum-related activities; and 3) exercise of jurisdiction must be *reasonable.*" *Roth v. Garcia Marquez*, 942 F.2d 617, 620–21 (9th Cir.1991) (emphasis in original). The plaintiff must establish each of these factors for jurisdiction to lie. *McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 817 n. 10 (9th Cir.1988); *see also Haisten v. Grass Valley Medical Reim. Fund Ltd.*, 784 F.2d 1392, 1397 (9th Cir. 1986) (plaintiff bears burden of proving jurisdiction).

With respect to the first factor, the court finds that Brown, Kippel, and Relix, Inc. purposefully availed themselves of the privilege of conducting activities in the State of Oregon through their correspondence with Johannsen and his submissions to *Relix. See Brode v. Tax Management, Inc.*, 11 U.S.P.Q.2d 1235 (N.D.Ill.1989). The same cannot be said of Wilson, however. Johannsen alleges only that Wilson sent to him one letter outlining the position of *Relix* with respect to the dispute over "American Relix." This letter is not sufficient for the court to conclude that Wilson purposefully availed himself of the privilege of conducting activities in the State of Oregon.

With respect to the second factor, it is undisputed that the claim of Johannsen arises out of one of his submissions to *Relix*—"American Relix."

Once the plaintiff presents a *prima facie* case that the defendants purposefully availed themselves of the privilege of conducting activities in the forum state, and that the claims in the complaint, at least in part, arise out of these forum-related activities, the burden shifts to the defendant to present a "compelling case" that the exercise of personal jurisdiction would be unreasonable. *Roth*, 942 F.2d at 625. The court weighs seven factors to determine whether the exercise of jurisdiction is reasonable: (1) the extent of the defendant's purposeful interjection into the affairs of the forum state; (2) the burden on the defendant; (3) the extent of conflict with the sovereignty of the defendant's home state; (4) the interest of the forum in adjudicating the dispute; (5) the most efficient judicial resolution of the dispute; (6) the interest of the plaintiff in convenient and effective relief; and (7) the existence of an alternative forum. *See Roth*, 942 F.2d at 623; *Sinatra v. National Enquirer, Inc.*, 854 F.2d 1191, 1198–99 (9th Cir.1988).

In weighing these factors, the court concludes that neither Brown, Kippel, nor Relix, Inc. has shown that the exercise of personal jurisdiction over them by this court would be unreasonable. The defendants should have foreseen that any infringement of Johannsen's copyright would have injured him in the State of Oregon. The State of Oregon also has an interest in resolving copyright disputes to which its citizens are parties. Moreover, the burden or inconvenience to the defendants of adjudicating this dispute in the State of Oregon is no greater than the burden or inconven-

ience to Johannsen of adjudicating his claim in the State of New York.

## VENUE

■ The defendants next contend that venue in this action properly lies in the Eastern District of New York. An action for copyright infringement may be instituted in the district in which the defendant or his agent resides or may be found. 28 U.S.C. § 1400(a). For purposes of copyright venue, a defendant is "found" in any jurisdiction where he is amenable to personal jurisdiction. *Sollinger v. Nasco Int'l, Inc.*, 655 F.Supp. 1385, 1389 (D.Vt. 1987); *Micromanipulator Co. v. Bough*, 558 F.Supp. 36, 37 (D.Nev.1982); *Donner v. Tams–Witmark Music Library, Inc.*, 480 F.Supp. 1229, 1234 (E.D.Pa.1979); *Kogan v. Longstreet*, 374 F.Supp. 47, 50 (N.D.Ill.1974). As noted above, jurisdiction in the State of Oregon is proper over Brown, Kippel, and Relix, Inc.

■ Although venue properly lies in the District of Oregon, this action may be transferred to the Eastern District of New York in the interests of justice and for the convenience of parties and witnesses. 28 U.S.C. § 1404(a). In ruling on a motion to transfer, the "court must balance the preference accorded plaintiff's choice of forum with the burden of litigating in an inconvenient forum." *Decker Coal Co. v. Commonwealth Edison Co.*, 805 F.2d 834, 843 (9th Cir.1986). Based on the record before it, the court cannot say that transfer is appropriate here. The defendants have not made the "strong showing of inconvenience" necessary to warrant upsetting Johannsen's choice of forum. *See Decker Coal Co.*, 805 F.2d at 843; *see also Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 843, 91 L.Ed. 1055 (1947) ("unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed").

## CONCLUSION

The motion to dismiss of defendants Brown, Kippel, Wilson, and Relix, Inc. (# 12) is granted with respect to defendant Wilson. In all other respects, the motion is denied.