Stephen Duane **JOHANNSEN**, Plaintiff,

v.

Toni **BROWN**, Les **Kippel**, Richard Wilson, **Relix, Inc.**, Relix Magazine, Inc., and **Rockin' Relix, Inc.**, Defendants.

Civ. No. 91–1094–FR.

United States District Court,
D. Oregon.

June 24, 1992.

---

Cyrus W. Field, Trial Atty., Kohel Haver, Portland, Or., for plaintiff.

Dennis E. Stenzel, Chernoff, Vilhauer, McClung & Stenzel, Portland, Or., for defendants.

## OPINION

FRYE, Judge:

Plaintiff, Stephen Duane Johannsen, brings this action for copyright infringement and unfair competition seeking declaratory, monetary and injunctive relief against defendants, Toni Brown, Les Kippel, Richard Wilson,[1] Relix, Inc., Relix Magazine, Inc., and Rockin' Relix, Inc. Defendants have asserted a number of affirmative defenses. Kippel has counterclaimed for defamation. The matters before the court are 1) defendants' motion for partial summary judgment (# 39); 2) plaintiff's motion for partial summary judgment (# 49); and 3) defendants' motion to reconsider (# 44).

## UNDISPUTED FACTS

Brown, Kippel, and Wilson are residents of the State of New York. Relix, Inc. is a business name that is used as an alter ego by some or all of the defendants. Relix Magazine, Inc. and Rockin' Relix, Inc. are New York corporations. Relix Magazine, Inc. publishes a magazine entitled *"Relix"* in Brooklyn, New York. *Relix* appeals to followers of the Grateful Dead Band and other musical groups. Rockin' Relix, Inc. is in the business of merchandising products related to *Relix.* Kippel was the sole shareholder and chief executive officer of Relix Magazine, Inc. from January, 1987 to December 31, 1991. Brown is now the sole shareholder of Relix Magazine, Inc. Kippel is the sole shareholder of Rockin' Relix, Inc.

Johannsen, a resident of the State of Oregon, is employed as an artist and printer. During the 1980's, Johannsen submitted several pieces of graphic art to Relix Magazine, Inc. which were published in *Relix.* Johannsen corresponded primarily with Brown. In 1987, Kippel invited Johannsen to create an illustration for the cover of a future issue of *Relix.* Kippel suggested that Johannsen create an illustration which would substitute two skeletons and a guitar for the farmers and the pitchfork depicted in the painting by Grant Wood entitled "American Gothic." Kippel suggested that the work be entitled "American Relix."

At Kippel's suggestion, Johannsen created a colored pencil and graphite illustration entitled "American Relix" at his studio in the State of Oregon using his own tools. Once completed, Johannsen affixed his copyright notice to the graphite illustration and sent it to Brown, Kippel, and Relix Magazine, Inc. in Brooklyn, New York. Brown and Kippel liked the illustration. They inquired about licensing the illustration for publication on the cover of *Relix* and purchasing it for a personal art collection. Brown and Kippel reached an agreement with Johannsen, and "American Relix" was subsequently featured on the cover of Volume 15, Number 6 of *Relix.* Although Johannsen received monetary compensation for creating "American Relix," he was not provided with employee benefits of any kind. No payroll or social security taxes were ever paid on behalf of Johannsen by Relix Magazine, Inc.

Sometime after "American Relix" was featured on the cover of *Relix,* Johannsen learned that poster reproductions had been made of "American Relix" without his permission. Johannsen was not credited with the copyright on these poster reproductions; instead, "American Relix" was credited to "RELIX INC." Advertisements for the purchase of poster reproductions of "American Relix" were placed in *Relix* and *Rolling Stone* magazines.

---

1. Richard Wilson was dismissed from this action on March 20, 1992.

On October 18, 1991, Johannsen filed the complaint in this action, naming as defendants Brown, Kippel, Wilson, and Relix, Inc. On February 7, 1992, Johannsen filed an amended complaint which added Relix Magazine, Inc. and Rockin' Relix, Inc. as defendants. In his first claim for relief, Johannsen seeks a judgment declaring that his copyright to "American Relix," United States Copyright Registration No. VA 376–396, is valid and enforceable. In his second claim for relief, Johannsen alleges that defendants have infringed United States Copyright Registration No. VA 376–396. In his third claim for relief, Johannsen alleges that defendants have violated the Lanham Act by affixing their own copyright notice to "American Relix."

## APPLICABLE STANDARD

■ Under Fed.R.Civ.P. 56(c), summary judgment shall be granted if "there is no genuine issue as to any material fact" and "the moving party is entitled to a judgment as a matter of law." The rule does not require that there be no factual disputes. "[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) (emphasis in original). A material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* at 248, 106 S.Ct. at 2510. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

## DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

### A. *Claims One and Two*

■ Relix Magazine, Inc. and Rockin' Relix, Inc. move the court for an order of summary judgment on Johannsen's first and second claims for relief. Relix Magazine, Inc. and Rockin' Relix, Inc. argue that the causes of action alleged in Johannsen's first and second claims for relief arose in December of 1988; that they were not joined as defendants in this action until February 11, 1992; that the statute of limitations applicable to claims based on violations of United States copyright laws is three years; and that, consequently, Johannsen's first two claims for relief against Relix Magazine, Inc. and Rockin' Relix, Inc. are barred by the statute of limitations.

Johannsen contends that the filing of the amended complaint on February 7, 1992, in which he added Relix Magazine, Inc. and Rockin' Relix, Inc. as defendants, relates back to the date of the filing of the complaint on October 18, 1991 for the purposes of determining when the statute of limitations was tolled.

Whether the filing of the amended complaint relates back to the date of the filing of the complaint is governed by Rule 15(c) of the Federal Rules of Civil Procedure, which provides:

> An amendment of a pleading relates back to the date of the original pleading when
>
> . . . .
>
> (3) the amendment changes the party or the naming of the party against whom a claim is asserted if the [claim or defense asserted in the amended pleading arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading] and, within the period provided by Rule 4(m) for service of the summons and complaint, the party to be brought in by amendment (A) has received such notice of the institution of the action that the party will not be prejudiced in maintaining a defense on the merits, and (B) knew or should have known that, but for a mistake concerning the identity of the proper

party, the action would have been brought against the party.

The issue here is whether Relix Magazine, Inc. and Rockin' Relix, Inc. had received such notice of the institution of this lawsuit that they will not be prejudiced in maintaining a defense on the merits, and knew or should have known that, but for a mistake concerning their identities, the action would have been brought against them.

As a preliminary matter, it is undisputed that the claims set forth in Johannsen's amended complaint arose out of the same conduct as set forth in the complaint.

Second, Johannsen timely filed the complaint in this action on October 18, 1991. Kippel was served on December 11, 1991. Kippel was the sole shareholder and chief executive officer of Relix Magazine, Inc. from January of 1987 through December 31, 1991, and is still the sole shareholder of Rockin' Relix, Inc. Given his position with Relix Magazine, Inc. and Rockin' Relix, Inc., service of the complaint on Kippel provided notice of this action to Relix Magazine, Inc. and Rockin' Relix, Inc. within 120 days following the filing of the complaint.

Third, Johannsen named Relix, Inc., among others, as a defendant in the complaint. Since Relix, Inc. is a business name that is used as an alter ego by some or all of the defendants and not an actual corporation, Relix Magazine, Inc. and Rockin' Relix, Inc. knew or should have known that, but for a mistake concerning their identities, this action would have been filed against them.

Finally, neither Relix Magazine, Inc. nor Rockin' Relix, Inc. has argued to the court that they have been prejudiced by Johannsen's failure to name them as defendants at an earlier time.

Based on the foregoing, the court concludes that the filing of the amended complaint on February 7, 1992 relates back to the date of the filing of the complaint. Accordingly, Relix Magazine, Inc. and Rockin' Relix, Inc. are not entitled to summary judgment on claims one and two of Johannsen's amended complaint.

**B. Claim Three**

Johannsen's third claim for relief is a claim for unfair competition under section 43(a) of the Lanham Act. All of the defendants move for summary judgment on the third claim. Defendants argue that the appropriate statute of limitations for the third claim is found in O.R.S. 12.110(1), which provides for a two-year statute of limitations for fraud; that Johannsen did not file his complaint within two years of the date of the accrual of his cause of action; and that, consequently, the third claim is barred by the statute of limitations.

Johannsen contends that the appropriate statute of limitations for the third claim under section 43(a) of the Lanham Act is found in O.R.S. 12.080(4), which provides for a six–year statute of limitations for injuries to personal property; that, in the alternative, the court should apply the statute of limitations from federal copyright law; and that, even if the appropriate statute of limitations is two years, genuine issues of fact remain about whether there were continuing violations of the Lanham Act within the two years prior to the filing of the complaint.

The Lanham Act contains no statute of limitations; therefore, the court will look to the applicable limitations period found in state law. *Unlimited Screw Prods., Inc. v. Malm*, 781 F.Supp. 1121, 1125 (E.D.Va.1991). The majority of federal courts to have considered this issue have concluded that claims brought under section 43(a) of the Lanham Act are most comparable to claims brought for fraud. *Id.; Monkelis v. Scientific Sys. Servs.*, 653 F.Supp. 680, 684 (W.D.Pa.1987); *PepsiCo, Inc. v. Dunlop Tire & Rubber Corp.*, 578 F.Supp. 196, 199 (S.D.N.Y.1984); *Fox Chem. Co. v. Amsoil, Inc.*, 445 F.Supp. 1355, 1359 (D.Minn.1978); *contra Construction Tech., Inc. v. Lockformer Co.*, 704 F.Supp. 1212, 1221 (S.D.N.Y.1989) (New York's statute of limitations for injury to property "is the most appropriate one for Lanham Act claims"). This court agrees with those decisions which have

found that claims brought under section 43(a) of the Lanham Act are most comparable to claims brought for fraud.[2] Therefore, the court will apply the statute of limitations for the State of Oregon for the tort of fraud, which is two years.

■ Johannsen contends that, even if the statute of limitations for his claim under the Lanham Act is two years, the claim is not time-barred because questions of fact remain as to when the wrongful acts occurred which form the basis for the claim. Johannsen points out that in April of 1989, he received invoices documenting that several thousand posters of "American Relix" had been made and presumably placed in the stream of commerce. Defendants reply that Rockin' Relix, Inc. ceased any connection with "American Relix" when it sold its poster inventory to Posterservice, Inc. in December of 1988.

Based on the record before it, the court is not able to resolve this issue as a matter of law. Defendants have raised the issue of the sale of their poster inventory in their reply memorandum, and, consequently, Johannsen has not responded to it. Moreover, defendants have failed to provide the court with a separate concise statement of material facts as required by L.R. 220–10(a). See L.R. 220–10(e) (the court under no duty to search and consider any part of the record not referenced in the separate concise statement of the parties).

Accordingly, defendants' motion for summary judgment on claim three is granted only to the following extent: the applicable statute of limitations for Johannsen's claim under the Lanham Act is two years.

## PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Johannsen moves the court for an order of summary judgment on his first claim for relief. Johannsen contends that he is entitled to a judicial declaration that United States Copyright Registration No. VA 376–396 is valid and enforceable. Defendants oppose the motion on three grounds. First,

defendants contend that Johannsen's preparation of "American Relix" was work made for hire within the meaning of the United States copyright laws. Next, defendants contend that a genuine issue of fact exists as to whether "American Relix" is an advertisement, in which case the ownership of the copyright would vest in Relix Magazine, Inc. Finally, defendants contend that because Kippel conceived of the idea of "American Relix," a genuine issue of fact exists as to whether Kippel was a joint author, and therefore a co-owner, of "American Relix."

Both parties agree that the factual issue crucial to this defense is whether Johannsen was an independent contractor or an employee of Relix Magazine, Inc. when he created "American Relix."

### A. Work Made for Hire

■ Ownership of a copyright vests in the author or authors of the work, or, in the case of a work made for hire, in the employer or other party for whom the work was prepared. 17 U.S.C. § 201(a), (b). A work made for hire is a work prepared by an employee within the scope of his employment. 17 U.S.C. § 101(1). Thus, if Johannsen was an employee of Relix Magazine, Inc. (as opposed to an independent contractor) when he created "American Relix," then he does not own the copyright to "American Relix."

The Supreme Court has held that "[t]o determine whether a work is for hire under the [Copyright] Act, a court first should ascertain, using principles of general common law of agency, whether the work was prepared by an employee or an independent contractor." Community for Creative Non–Violence v. Reid, 490 U.S. 730, 751, 109 S.Ct. 2166, 2178, 104 L.Ed.2d 811 (1989). Under the general common law of agency, the court examines a number of factors to determine Johannsen's status as an employee or as an independent contractor. These factors include: the hiring party's right to control the manner and means

---

**2.** The court rejects Johannsen's contention that the most analogous *federal* statute of limitations should govern his claim under the Lanham Act.

See *Agency Holding Corp. v. Malley–Duff & Assocs., Inc.,* 483 U.S. 143, 107 S.Ct. 2759, 97 L.Ed.2d 121 (1987).

by which the product is accomplished; "the skill required; the source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party." *Id.* at 751–52, 109 S.Ct. at 2178–79 (footnotes omitted). "No one of these factors is determinative." *Id.* at 752, 109 S.Ct. at 2179.

In addition to his work as a printer, Johannsen is an artist, which requires creativity and the skills to put the product of the creativity into concrete form. Johannsen created "American Relix" in his own studio in the State of Oregon, away from the direct supervision of defendants. In creating "American Relix," Johannsen used his own tools and materials and was free to employ his own assistants. Johannsen had absolute control over how long he worked on "American Relix" and was never under any duty to provide artwork to Relix Magazine, Inc. Defendants did not provide Johannsen with any employee benefits. Defendants did not pay any payroll or social security taxes on behalf of Johannsen.

Under the undisputed facts and circumstances,[3] the court finds, as a matter of law, that Johannsen was an independent contractor. Here, "the record taken as a whole could not lead a rational trier of fact to find" that Johannsen was an employee of defendants; therefore, "there is no 'genuine issue for trial.'" *Matsushita Elec. Indus. Co. v. Zenith Radio, Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289, 88 S.Ct. 1575, 1592, 20 L.Ed.2d 569 (1968)).

### B. *Advertisement*

■ Defendants next contend that there is a genuine issue of fact as to whether "American Relix" was an advertisement for *Relix*. If it was an advertisement, defendants contend that Relix Magazine, Inc. owns the copyright to "American Relix."

Johannsen argues that "American Relix" is not an advertisement, but that, even if it is, the copyright remains with him as the party that created the advertisement unless the advertisement was work made for hire.

The cases cited by defendants in support of their position, *Electronic Publishing Co. v. Zalytron Tube Corp.*, 376 F.2d 592 (2nd Cir.1967), and *Brattleboro Publishing Co. v. Winmill Publishing Corp.*, 369 F.2d 565 (2nd Cir.1966), were both decided before the 1976 amendments to the Copyright Act. The court agrees with Johannsen that, in light of the 1976 amendment to the Copyright Act, the dispositive issue is whether "American Relix" is work made for hire, and not whether "American Relix" is an advertisement. "As rewritten in 1976, the Copyright Act requires the conclusion that the copyright is owned by the [party who] prepared it, unless there is a written agreement signed by it and the advertiser that the work should be considered work for hire." *Brunswick Beacon, Inc. v. Schock–Hopchas Publishing Co.*, 810 F.2d 410, 414 (4th Cir.1987). Therefore, the characterization of "American Relix" as an advertisement is not a disputed material fact which will prevent entry of summary judgment.

### C. *Joint Authorship*

The court next examines whether there is a genuine issue of material fact as to whether Kippel is a co-owner with Johannsen of the copyright in "American Relix," since it was Kippel who conceived the idea behind the work. Johannsen contends that, as a matter of law, he is the sole owner of "American Relix."

---

**3.** The court accepts the assertions in Johannsen's separate concise statement of facts as true because these statements were not "controverted by a separate concise statement of the oppos-ing party." L.R. 220–10(f); *see also id.* at (b) (requiring the party opposing summary judgment to file a separate concise statement of facts).

Authors of a joint work are co-owners of the copyright in the work. 17 U.S.C. § 201(a). "A 'joint work' is a work prepared by two or more authors with the intention that their contributions be merged into inseparable or interdependent parts of a unitary whole." 17 U.S.C. § 101.

Defendants contend that "American Relix" is a "joint work." They argue as follows:

> Here, defendant Kippel conceived of the entire idea of substituting skeletons for the farming couple in the work "American Gothic." He entitled the piece "American Relix", using the association of Grateful Dead fans with *Relix* magazine and playing on the meaning of the word "relics." He specified all details, including colors, hair style, jewelry and the substitution of a guitar for the farmer's pitchfork. Mr. Kippel states ... that it was his intention that his contribution to "American Relix" be merged inseparably into a unitary whole with Mr. Johannsen's work on the piece.

Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment, pp. 4–5.

Accepting Kippel's statement that he intended his contributions to "American Relix" to be merged inseparably with the contributions of Johannsen's, the court nonetheless finds that "American Relix" is not a joint work because Kippel cannot, as a matter of law, be considered a joint author of "American Relix."

■ An author is a "party who actually creates the work, that is, [a] person who translates an idea into a fixed, tangible expression entitled to copyright protection." *Community for Creative Non-Violence v. Reid*, 490 U.S. 730, 737, 109 S.Ct. 2166, 2171, 104 L.Ed.2d 811 (1989). For the purposes of joint authorship, each author must "make an independently copyrightable contribution." *Ashton–Tate Corp. v. Ross*, 916 F.2d 516, 521 (9th Cir.1990).

Kippel's contribution to the creation of "American Relix" is analogous to the contribution of the purported joint author in *Whelan Assocs., Inc. v. Jaslow Dental Lab., Inc.*, 609 F.Supp. 1307 (E.D.Pa.1985),

*aff'd*, 797 F.2d 1222 (3d Cir.1986), *cert. denied*, 479 U.S. 1031, 107 S.Ct. 877, 93 L.Ed.2d 831 (1987).

> In that case, a dental laboratory owner commissioned software for use in his business, disclosed to the programmers the detailed operation of his business, dictated the functions to be performed by the computer, and even helped design the language and format of some of the screens that would appear on the computer's visual displays. The court nonetheless found that the programmer was the sole author of the software. The court's principal focus was on the creation of the source and object code. The owner's "general assistance and contributions to the fund of knowledge of the author did not make [him] a creator of any original work, nor even the co-author. It is similar to an owner explaining to an architect the type and functions of a building the architect is to design for the owner. The architectural drawings are not co-authored by the owner, no matter how detailed the ideas and limitations expressed by the owner."

*S.O.S., Inc. v. Payday, Inc.*, 886 F.2d 1081, 1086–87 (9th Cir.1989) (quoting *Whelan Assocs.*, 609 F.Supp. at 1318–19).

■ Kippel's contributions to "American Relix" were to suggest to Johannsen how the work should appear and to create the title for the work. However, "[a] person who merely describes to an author what the commissioned work should ... look like is not a joint author for purposes of the Copyright Act." *Id.* at 1087. Kippel's conception of the idea behind "American Relix" is insufficient, as a matter of law, to make him a joint author of the work. *See* 17 U.S.C. § 102(b) (copyright protection for an original work of authorship does not extend to any idea or concept "regardless of the form in which it is described, explained, illustrated, or embodied in such work").

Having found defendants' defenses to be without merit, Johannsen is entitled to summary judgment on his first claim for relief.

## DEFENDANTS' MOTION TO RECONSIDER

On March 20, 1992, the court entered an opinion and order denying in part defendants' motion to dismiss for lack of personal jurisdiction and denying defendants' motion to transfer. *Johannsen v. Brown,* 788 F.Supp. 465 (D.Or.1992). Defendants now move for reconsideration of that part of the motion which the court did not grant. That motion is denied.

## CONCLUSION

Defendants' motion for partial summary judgment (# 39) is granted to the extent that it seeks a determination that the applicable statute of limitations for Johannsen's claims under the Lanham Act is two years; in all other respects, the motion is denied. Plaintiff's motion for partial summary judgment (# 49) is granted. Defendants' motion to reconsider (# 44) is denied.