38552. BRADLEE MANAGEMENT SERVICES, INC. v. CASSELLS.

MARSHALL, Justice.

This is a suit for defamation[1] brought in the Cherokee Superior

---

[1] Or "defamacast." *American Broadcasting &c. v. Simpson,* 106 Ga. App. 230, 240 (1) (126 SE2d 873) (1962); *Montgomery v. Pacific & Sou. Co.,* 131 Ga. App. 712 (2) (206 SE2d 631) (1974).

Court by Bradlee Management Services, Inc. (Bradlee) against Cox Broadcasting Corporation (CBC) and Andy Cassells. The case comes to this court on certiorari. *Cassells v. Bradlee Management Services,* 161 Ga. App. 325 (291 SE2d 48) (1982). The question for decision concerns the parameters of our Long Arm Statute. Code Ann. § 24-113.1 (Ga. L. 1966, p. 343; 1970 pp. 443, 444) These are the facts:

Bradlee, a Georgia corporation, manages a nursing home located in Buford, Georgia, as well as a number of other nursing homes. CBC is a Georgia corporation with its principal place of business and registered office in Fulton County, Georgia. CBC owns and operates radio and television stations in several states throughout the country, including WSB-TV in Atlanta. In addition, CBC operates a Washington, D. C., News Bureau to provide its radio and television stations with news stories concerning events of public interest occurring in the nation's capitol. These news stories are prepared by the Washington bureau and transmitted to local stations, which exercise an independent editorial judgment as to the content of what will be broadcast. Cassells, who is a resident of Virginia, is employed by CBC as its Washington Bureau Chief, and he works exclusively in the Washington area.

On June 25, 1980, Cassells, as part of his duties at CBC, attended hearings conducted in Washington, D. C., by the United States House of Representatives Select Committee on the Aging. These hearings were conducted as part of an investigation into the subject of abuse by nursing homes in the treatment of their patients. Cassells prepared audio and video tapes of portions of the hearings, including an interview of Mrs. Arlene Summer, who testified concerning abuses in nursing homes in Georgia. These video tapes, along with a suggested script, were sent by Cassells to WSB-TV in Atlanta. These tapes were used by WSB-TV in broadcasting a story concerning Mrs. Summer's testimony before the House Committee during WSB-TV's 6:00 p.m. newscast on June 25. It was stated in this newscast that Mrs. Summer's testimony before the House Committee implicated Bradlee and its nursing home in Buford.

Bradlee filed a complaint against CBC and Cassells in the Cherokee Superior Court. In the complaint, it was alleged that the WSB-TV newscast was defamatory, in that Mrs. Summer's testimony before the House Committee actually implicated a nursing home in Gainesville, Georgia, rather than the Bradlee nursing home in Buford. It was further alleged in the complaint that Bradlee's principal resides in Cherokee County and that the WSB-TV newscast was broadcast in Cherokee County, causing the plaintiff injury there.

CBC filed a motion to dismiss, arguing that venue over it does

not lie in Cherokee County in that: (1) it maintains no office in that county, Code Ann. § 22-404 (d); and (2) co-defendant Cassells is not a resident of Cherokee County. Code Ann. § 2-4304 (Art. VI, Sec. XIV, Par. IV of the Georgia Constitution of 1976). The trial court granted CBC's motion to dismiss, and this ruling has not been appealed. (Suit has been instituted by Bradlee against CBC in Fulton County.)

Cassells also filed a motion to dismiss, arguing, among other things, lack of jurisdiction of the person in that: (1) Georgia's Long Arm Statute, Code Ann. § 24-113.1 (b), excepts from its coverage causes of action for defamation; and (2) in any event, Cassells does not have minimum contacts with Georgia which satisfy the Long Arm Statute.

The trial court denied Cassells' motion to dismiss, on grounds that the following activities engaged in by Cassells were sufficient to obtain jurisdiction over him under Georgia's Long Arm Statute: "In this case, Andy Cassells prepared a story based on a Georgia nursing home and sent the tape to CBC's Atlanta station which was apparently the only CBC station to air it . . . This is not a case where by chance a news reporter's story is broadcast to an audience for which it was not intended. Andy Cassells is the Bureau Chief of CBC's Washington, D. C., office. His duties include the preparation of video and audio tapes of newsworthy events which occur in this nation's Capital. He prepares stories of interest to those whom he knows will be viewing CBC's various television stations. He ships such tapes to these stations such as WSB-TV in Atlanta. Cassells' purposeful and intentional shipment of these tapes into the flow of Georgia's commerce with the full expectation that they will be aired subjects him to redress in the Courts of this State for any harm caused thereby . . . Here Cassells was the substance of the story; he appeared on television and actually spoke the allegedly defamatory remarks. Cassells cannot insulate himself by merely stating he had no control over the broadcast. He prepared it; he appeared on it; he shipped it to Atlanta with the full expectation of it being broadcast to the State at large. His name, picture, and voice were projected across the screen. The program was viewed by residents of Cherokee County. Clearly, the act or omission occurred in Cherokee County." *Held:*

Our Long Arm Statute provides, in pertinent part: "A court of this State may exercise personal jurisdiction over any nonresident, or his executor or administrator, as to a cause of action arising from any of the acts, omissions, ownership, use or possession enumerated in this section, in the same manner as if he were a resident of the State, if in person or through an agent, he . . . (b) Commits a tortious act or omission within this state, *except as to a cause of action for defamation of character arising from the act;* or (c) Commits a

tortious injury in this State caused by an act or omission outside this state, if the tortfeasor regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this State . . ." (Emphasis supplied.) Code Ann. § 24-113.1.

In this case, the Court of Appeals reversed the trial court's denial of Cassells' motion to dismiss. The Court of Appeals held that subsection (c) of our Long Arm Statute cannot be interpreted to provide jurisdiction over nonresident defendants in defamation cases because of the exclusion of defamation cases in subsection (b). The Court of Appeals predicated this holding on statements made by this court in *Clarkson Power Flow v. Thompson,* 244 Ga. 300, 301-302 (260 SE2d 9) (1979), "that limitations similar to those present in subsection (c) are constitutionally mandated under subsection (b)" and "that there is no essential difference between subsections (b) and (c)." For reasons which follow, we affirm the Court of Appeals' judgment, but for reasons different from those given in the Court of Appeals' opinion.

It would appear that subsection (b)'s exclusion of causes of action for defamation of character is based on a line of decisions rendered by the Fifth Circuit Court of Appeals. New York Times Co. v. Connor, 365 F2d 567 (5th Cir. 1966); Buckley v. New York Times Co., 338 F2d 470 (5th Cir. 1964). These decisions hold that although the commission of a tortious act in the forum state is generally in and of itself a sufficient basis for exercising long arm jurisdiction, see Elkhart Engineering Corp. v. Dornier Werke, 343 F2d 861 (5th Cir. 1965), "First Amendment considerations surrounding the law of libel require a greater showing of contact to satisfy the due process clause than is necessary in asserting jurisdiction over other types of tortious activity." New York Times Co. v. Conner, supra, 365 F2d at p. 572. However, this does not mean that long arm jurisdiction is never exercisable in a defamation case. See Edwards v. Associated Press, 512 F2d 258 (5th Cir. 1975); Curtis Publishing Co. v. Golino, 383 F2d 586 (5th Cir. 1967).

Because of this, and because the policy of our Long Arm Statute is to exercise jurisdiction over nonresident defendants to the maximum extent permitted by procedural due process, *Coe & Payne Co. v. Wood-Mosaic Corp.,* 230 Ga. 58 (195 SE2d 399) (1973), it has been held in Process Control Corp. v. Witherup Fabrication & Erection, Inc., 439 FSupp. 1284 (N. D. Ga. 1977) and Southard v. Forbes, Inc., Civ. No. 74-1984A (N. D. Ga. 1975), that under subsection (c) of our Long Arm Statute, Georgia courts do have jurisdiction over nonresident defendants in defamation cases when there exist requisite minimum contacts other than the commission

of the tort itself. Accord, Attwell v. LaSalle National Bank, 607 F2d 1157 (5th Cir. 1979). But see, A. B. R. Metals & Services, Inc. v. Astralloy-Vulcan Co., Civ. No. 76-298A (N. D. Ga. 1976).

Here, Cassells' contacts with Georgia might be sufficient to satisfy the general requirements of due process. See Edwards v. Associated Press, supra; but see *Wise v. State Bd. &c. of Architects,* 247 Ga. 206 (2) (274 SE2d 544) (1981). However, Cassells' contacts with Georgia in his individual capacity do not fit within any of the specific minimum contacts required by subsection (c). Cassells has not regularly done or solicited business in the State of Georgia. See Walker v. Savell, 335 F2d 536 (5th Cir. 1964). He has not engaged in any persistent course of conduct in this state, and Cassells, as opposed to CBC, does not derive substantial revenue from goods used or consumed or services rendered in this state.

Therefore, we hold that even if long arm jurisdiction is sustainable against nonresident defendants in defamation cases under subsection (c), the specified minimum contacts required by subsection (c) are not present as to defendant Cassells here.

*Judgment affirmed. All the Justices concur, except Hill, P. J., and Smith, J., who dissent.*

DECIDED JUNE 30, 1982.

*R. M. Bernhardt, Thomas S. Fisher,* for appellant.
*Hatcher, Dorsey, Irvin & Pressley, Henry M. Hatcher, Jr.,* amicus curiae.
*Joseph R. Bankoff, Gordon A. Smith, Thomas A. Roach, C. Michael Roach,* for appellee.