United States Court of Appeals,

Eleventh Circuit.

No. 97-8023.

William D. LOCKARD, Plaintiff-Appellant,

v.

EQUIFAX, INC., a Georgia Corporation, et al., Defendants,

Baton Rouge General Medical Center, a Louisiana Corporation;  Baton Rouge General Health Center, a Louisiana Corporation;  Patient Financial Services, Inc., A Louisiana Corporation;  Southern Credit Recovery, a Louisiana Corporation, Defendants-Appellees.

Dec. 31, 1998.

Appeal from the United States District Court for the Northern District of Georgia.  (No. 1:96-CV-109-WBH), Willis B. Hunt, Jr., Judge.

Before EDMONDSON and HULL, Circuit Judges, and CLARK, Senior Circuit Judge.

CLARK, Senior Circuit Judge:

In this case, plaintiff-appellant William D. Lockard alleged that he was denied credit because of outstanding debts on his credit report that he did not owe.  He brought this suit in state court under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, and state law causes of action against numerous defendants.  The defendants removed the case to federal district court, and the district court denied Lockard's motion to remand.  The district court also denied Lockard's motion to amend his complaint against two of the defendants, denied his motion to transfer the case to Louisiana, and dismissed some of the defendants for lack of personal jurisdiction.  The district court issued a final order pursuant to Federal Rule of Civil Procedure 54(b) for the dismissed defendants.  Lockard raises four issues on appeal:  the denial of his motion to remand, the denial of his motion to amend the complaint, the denial of his motion to transfer, and the dismissal of the defendants for lack of personal jurisdiction.  We dismiss the appeal of the denial of the motion to amend the

complaint for lack of jurisdiction, and affirm the district court's ruling on the other three issues.

*FACTS*

Lockard's wife was admitted to the Baton Rouge General Medical Center (BR Medical) twice for treatment in 1992. At the time of both admissions, Lockard and his wife were married but separated. For both admissions, Mrs. Lockard used her husband's insurance policy provided by Blue Cross/Blue Shield of Massachusetts (Blue Cross). Blue Cross paid the portions for which it was responsible, leaving balances of $1,523.75 for the first admission and $1,117.46 for the second.

When the first balance was not paid, BR Medical turned the account over to Southern Credit Recovery, Inc. (Southern Credit) for collection as a bad debt, listing appellant as the responsible party. Southern Credit mailed a computer tape containing information about this debt to Equifax, Inc. (Equifax) in Georgia. Months later, appellant sent Southern Credit a letter of dispute, stating he was not responsible for the debt. Southern Credit notified General Health Systems, Inc. (General Health), BR Medical's owner, about appellant's letter. General Health claimed that appellant was removed as the responsible party for the first balance.

When the second balance was not paid, BR Medical turned the account over to Certified Bureau of the South (Certified Bureau) for collection as a bad debt, again listing appellant as the responsible party. Lockard notified Certified Bureau that he was not responsible for the debt, and Certified Bureau claimed that it contacted Baton Rouge General Health Center (BR Health) about the dispute, received authorization to remove appellant as the responsible party, and informed the Credit Bureau of Baton Rouge, Inc. of the change. General Health, however, states that it knew nothing about the second account until this lawsuit.

In 1993, appellant's son was treated at Southwest Mississippi Regional Medical Center (SW Medical), and provided insurance information under appellant's Blue Cross policy. A dispute exists

as to whether the son listed himself or appellant as the guarantor of payment, but after Blue Cross paid its portion, there was a balance of $64.01 which was not paid. The account was turned over to the Southwest Mississippi Regional Credit Services for collection.

Appellant brought this action in a Georgia state court seeking a permanent injunction and damages under the FCRA, and alleged various state law claims. He brought suit under the FCRA against Equifax, Equifax Credit Information Services (ECIS), and Certified Bureau, and brought state law claims of defamation, intentional infliction of emotional distress, invasion of privacy, negligence, and outrage against BR Medical, BR Health, Patient Financial Services, SW Medical, and Southern Credit. The defendants filed a joint notice of removal on the basis of federal question jurisdiction pursuant to 28 U.S.C. § 1441(b)-(c). After the defendants removed the case to federal court and filed motions to dismiss the complaint, appellant filed motions for abstention and remand, and a motion to amend the complaint.

The district court dismissed defendants SW Medical, BR Medical, BR Health, Patient Financial Services, Certified Bureau, and Southern Credit for lack of personal jurisdiction. The district court found that these defendants were not located in Georgia, were not registered or qualified to do business in Georgia, had never attempted to do business in Georgia including advertising or soliciting patients, and none owned, used, or possessed any real property in Georgia. None of the actions involving any of these defendants occurred in Georgia. Although Certified Bureau sent two letters to appellant's son in Georgia, and Southern Credit sent the computer tape to Equifax at an address in Georgia, the district court found that these contacts were too tenuous to satisfy the requirements of due process.

The district court also denied appellant's motion to amend the complaint to add two state law claims against Equifax and ECIS. The district court found that appellant had not offered an adequate

explanation about his failure to comply with the planning report filed with the court, which provided that amendments to the pleadings should have been filed within 30 days of the planning report. The district court further noted the dismissal of the other defendants. The claims against Equifax and ECIS are outstanding; the district court certified the dismissal of BR Medical, BR Health, and Patient Financial Services pursuant to Fed.R.Civ.P. 54(b).

*DISCUSSION*

In his brief to this court, appellant concedes the dismissal of defendants BR Health and Patient Financial Services, and does not contest the district court's dismissal of Certified Bureau or SW Medical. Therefore, only appellant's claims against Equifax, ECIS, BR Medical, and Southern Credit are part of this appeal.

*Denial of motion to remand*

Appellant argues that the jurisdiction statement in the FCRA prohibits removal, and that his federal claims are intertwined with state law claims which are more appropriate for decision in a state court. Appellees contend that the statute allows a plaintiff a choice of forum but does not preclude removal, and that the presence of state law claims is not dispositive. Because the question is purely one of law, this court reviews *de novo* the district court's denial of a motion to remand.[1]

The subsection of the FCRA referencing jurisdiction reads as follows:

> An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court without regard to the amount in controversy, or in any other court of competent jurisdiction....[2]

An action brought in a state court can be removed to federal court under 28 U.S.C. § 1441(a) when a federal district court also has original jurisdiction unless Congress has expressly prohibited

---

[1]*Jairath v. Dyer,* 154 F.3d 1280, 1281-82 (11th Cir.1998).

[2]15 U.S.C. § 1681p.

removal.[3]  There are not many such prohibitions, and when Congress has decided that justifications exist to prohibit removal, it has made the prohibition clear by unambiguous language in the statute.[4]

The issue here is whether Congress intended such a removal exception in § 1681p.  There is no case law from any Circuit court on this issue.  There are numerous district court decisions, but they are split.  Some district courts have held that removal to federal court is prohibited,[5] while other district courts have found that the plain language of the statute allows plaintiffs to initiate an action in state court but does not guarantee that they may keep it there.[6]  We agree with the reasoning outlined in *Haun v. Retail Credit Co.*[7] concluding that the language in the FCRA does not provide evidence that Congress intended to preclude removal.

The leading district court case finding that removal of FCRA cases is prohibited relied on cases interpreting similar language in the Fair Labor Standards Act[8] (FLSA) as a removal prohibition.  However, only one Circuit court has issued an opinion as to whether Congress intended

---

[3]28 U.S.C. § 1441(a)(1970).

[4]*See, e.g.,* 28 U.S.C. § 1445(a) (FELA cases "may not be removed"), § 1445(b) (suit against a common carrier for shipping damages "may not be removed to any district court of the United States unless the matter in controversy exceeds $3,000"), § 1445(c) (workmen's compensation cases "may not be removed");  Securities Act of 1933, 15 U.S.C. § 77v ("no case ... brought in any State court of competent jurisdiction shall be removed");  and Bankruptcy Act, 11 U.S.C. § 205(j) ("Proceedings under this section ... shall not be grounds for the removal").

[5]*See Ruth v. Westinghouse Credit Co., Inc.,* 373 F.Supp. 468 (W.D.Okla.1974);  *Harper v. TRW, Inc.,* 881 F.Supp. 294 (E.D.Mich.1995).

[6]*See Broom v. TRW Credit Data,* 732 F.Supp. 66 (E.D.Mich.1990);  *Rhea v. Amresco, Inc.,* 871 F.Supp. 283 (N.D.Texas 1994);  *Haun v. Retail Credit Co.,* 420 F.Supp. 859 (W.D.Pa.1976).

[7]420 F.Supp. 859 (W.D.Pa.1976).

[8]29 U.S.C. § 219 (1970).

to prohibit removal of cases brought under the FLSA, and district courts are divided on the issue.[9]

Moreover, there is a difference in the language of the jurisdiction provisions of the FLSA and the FCRA. The FLSA states that a plaintiff can "maintain" an action in any other court of competent jurisdiction, whereas the FCRA states that suit "may be brought" in any other court of competent jurisdiction. This minor difference in language translates to more than a minor difference in meaning. A reader may reasonably infer that the word "maintain" arguably implies that an action may not only be initiated but also continued on to judgment. Thus, it is arguable that allowing a plaintiff to "maintain" an FLSA suit in state court is logically inconsistent with allowing the defendant to remove the action to federal court, and that when Congress chose the word "maintain," it intended to create an exception to the removal statute.

While the FLSA wording is arguable, the FCRA wording does not result in that same logical inconsistency with § 1441(a). Allowing an action to be "brought" in a particular court allows the plaintiff to initiate a suit in that court, but provides no guarantee that the suit will end in that same court. Appellant has pointed to no evidence suggesting that Congress intended for the word "brought" to have more than its usual meaning of "began" when it provided in § 1441(a) for removal of cases "brought in a State court."

This court has decided other cases under the FCRA that were brought in state court and

_____

[9]*Compare Johnson v. Butler Bros.,* 162 F.2d 87 (8th Cir.1947); *Carter v. Hill & Hill Truck Line, Inc.,* 259 F.Supp. 429 (S.D.Tex.1966); *Wilkins v. Renault Southwest, Inc.,* 227 F.Supp. 647 (N.D.Tex.1964); *Zorrilla v. Puerto Rican Cement Co.,* 227 F.Supp. 159 (D.C.P.R.1964); *Dando v. Stonhard Co.,* 93 F.Supp. 270 (W.D.Mo.1950); and *Maloy v. Friedman,* 80 F.Supp. 290 (N.D.Ohio 1948) (all holding FLSA cases not removable); with *Anthony v. West Coast Drug Co.,* 331 F.Supp. 1279 (W.D.Wash.1971); *Hill v. Moss-American, Inc.,* 309 F.Supp. 1175 (N.D.Miss.1970); *Goettel v. Glenn Berry Mfrs., Inc.,* 236 F.Supp. 884 (N.D.Okla.1964); *Niswander v. Paul Hardeman, Inc.,* 223 F.Supp. 74 (E.D.Ark.1963); *Buckles v. Morristown Kayo Co.,* 132 F.Supp. 555 (E.D.Tenn.1955); and *Rossi v. Singer Sewing Machine Co.,* 127 F.Supp. 53 (D.Conn.1953) (holding FLSA cases removable).

subsequently removed to federal court, although the removal of those cases was not challenged.[10] Moreover, we have held that where Congress has granted concurrent jurisdiction to state and federal courts, removal is not barred.[11] We hold that the sole purpose of the language at issue here is to allow state courts concurrent jurisdiction for actions brought under the FCRA, and that the provision of concurrent jurisdiction does not prohibit removal.[12]

Lockard's argument that his federal claims are so intertwined with state claims that remand is warranted is meritless. For the reasons stated in this opinion, the only defendants before the district court are Equifax and ECIS, and the only claims against them are the claims stated under the FCRA. Therefore, no state law claims are left to be litigated in this suit. The district court did not err in denying the motion to remand.

*Personal jurisdiction*

Appellant argues that Southern Credit's delivery of credit information by mail to Equifax in Georgia was a sufficient contact justifying personal jurisdiction, and that Southern Credit was BR Medical's agent. Appellee Southern Credit contends that a mere mailing of information is insufficient to establish minimum contacts with the state of Georgia, its burden to defend here would be substantial, and Georgia's interest in adjudicating this dispute is minimal.

The district court found that the Georgia long-arm statute conferred jurisdiction to the maximum extent allowed by the federal Constitution, and therefore, the inquiry was whether

---

[10]*See Cahlin v. General Motors Acceptance Corp.,* 936 F.2d 1151 (11th Cir.1991); *Clay v. Equifax, Inc.,* 762 F.2d 952 (11th Cir.1985).

[11]*See Chilton v. Savannah Foods & Industries, Inc.,* 814 F.2d 620 (11th Cir.1987).

[12]*Cf.* § 77v of the Securities Act of 1933, supra, in which Congress expressly permitted concurrent jurisdiction but also created a bar to removal by including specific language prohibiting removal. The FCRA has no such express language.

jurisdiction satisfied federal due process requirements. The district court found, however, that the only potential basis for jurisdiction over BR Medical that Lockard had alleged was that BR Medical knew information concerning the accounts would be placed into the stream of commerce, and this basis was insufficient. The district court further found that Southern Credit's only contact with Georgia was sending a computer tape to Equifax in Georgia, that Southern Credit neither paid for nor was paid for the tape, and that this activity did not amount to a purposeful availment of the privileges of conducting business in Georgia.

Rule 4(e) of the Federal Rules of Civil Procedure limits the jurisdiction of federal courts to service over nonresident defendants in the manner authorized by the forum state's law, absent Congress's grant of nationwide jurisdiction, which is not found in the FCRA.[13] This court uses a two-part analysis in determining whether a district court had personal jurisdiction over nonresident defendants.[14] The first step involves determining whether the forum state's long-arm statute provides a basis for jurisdiction.[15] If it does, then we determine whether there are sufficient minimum contacts between the forum state and the defendants such that satisfy the Fourteenth Amendment Due Process Clause's notions of fair play and substantial justice.[16] We review a district court's dismissal of parties for lack of personal jurisdiction *de novo.*[17]

When a federal court uses a state long-arm statute, because the extent of the statute is governed by state law, the federal court is required to construe it as would the state's supreme

---

[13]*See* Fed.R.Civ.P. 4(e).

[14]*Sculptchair, Inc. v. Century Arts, Ltd.,* 94 F.3d 623, 626 (11th Cir.1996).

[15]*Id.*

[16]*Id.*

[17]*Id.*

court.[18]  Under Georgia's long-arm statute, a court may exercise personal jurisdiction over any non-resident if in person or through an agent the non-resident (1) transacts any business in Georgia; (2) commits a tortious act or omission within Georgia except defamation;  or (3) commits a tortious injury in Georgia caused by an act or omission outside the state if the non-resident solicits business in-state.[19]

In *Bradlee Management Services, Inc. v. Cassells,*[20] a television reporter in Virginia prepared audio and visual tapes about nursing homes in Georgia and sent the tapes to an Atlanta television station.[21] The Atlanta television station used the tapes in broadcasting a story, and the nursing home management company brought suit for defamation against the reporter.[22]  The Georgia Supreme Court held that the trial court lacked personal jurisdiction, as the reporter had not regularly done or solicited business in Georgia, had not engaged in any persistent course of conduct in Georgia, and did not derive substantial revenue from goods used or consumed or services rendered in Georgia.[23]

That case is on point to the facts here.  Southern Credit sent a tape to Georgia that Lockard alleged was defamatory, which was used by Equifax here in Georgia.  Lockard did not allege that Southern Credit regularly did or solicited business in Georgia, engaged in any persistent course of conduct in Georgia, or derived substantial revenue from goods used or consumed or services rendered in Georgia.  Southern Credit denied that it has done any such activity in Georgia.

---

[18]*Id.* at 627.

[19]O.C.G.A. § 9-10-91;  *Caraballo-Sandoval v. Honsted,* 35 F.3d 521, 525-26 (11th Cir.1994).

[20]249 Ga. 614, 292 S.E.2d 717 (Ga.1982).

[21]*Id.* at 615, 292 S.E.2d 717.

[22]*Id.*

[23]*Id.* at 618, 292 S.E.2d 717.

Therefore, the district court correctly found that because Southern Credit did not solicit or transact business in Georgia and did not commit a tortious act in Georgia, it had no personal jurisdiction over Southern Credit.

As to defendant/appellee BR Medical, appellant's only allegation of a basis for jurisdiction over BR Medical was that BR Medical had contacts with Georgia through its agent Southern Credit. Because the district court lacked jurisdiction over the agent, the district court lacked jurisdiction over the principal.[24] Moreover, the appellant did not raise this argument of principal and agent in the district court.[25] The district court's dismissal of those defendants for lack of personal jurisdiction was not erroneous.

*Denial of the motion to amend the complaint*

Appellant argues that he was entitled to amend his complaint under the Federal Rules of Civil Procedure to add state law claims against Equifax and ECIS. Equifax and ECIS were not included in the district court's Rule 54(b) certification, and no final order exists from the district court as part of this appeal as to all claims against these two parties. We have jurisdiction over appeals from all final decisions of district courts, unless direct review to the Supreme Court exists, or the appeal falls within the parameters of the collateral order doctrine.[26] Appellant does not allege that the district court's order denying his motion to amend his complaint was conclusive, resolved

---

[24]*See Warnock v. Elliott,* 96 Ga.App. 778, 101 S.E.2d 591 (Ga.App.1957)(if principal and agent are sued as joint tort-feasors but agent is not liable and the principal is not a resident of county where suit was brought, the action cannot be maintained in that jurisdiction).

[25]*See Irving v. Mazda Motor Corp.,* 136 F.3d 764, 769 (11th Cir.1998) (declining to address an argument not raised in the district court), *cert. denied,* --- U.S. ----, 119 S.Ct. 544, --- L.Ed.2d ---- (1998).

[26]*Swint v. Chambers County Com'n,* 514 U.S. 35, 41-42, 115 S.Ct. 1203, 1207, 131 L.Ed.2d 60 (1995).

important questions separate from the merits, and was effectively unreviewable on appeal from the final judgment in the underlying suit.[27] We decline to reach such a conclusion.

In *United States v. Stanley,*[28] this court reviewed an issue that the district court had ruled on in a different order than the one which the district court had certified for review under Fed.R.Civ.P. 54(b).[29] The Supreme Court noted that the issue had not come before this court on appeal from a final decision or from the certified order, and stated that "jurisdiction is confined to the particular order appealed from."[30] The Court held that this court was without jurisdiction to review issues that were not from the certified order.[31]

In this case, the district court's order expressly noted that its previous orders did not dispose of all claims against all parties, and expressly certified for review only those claims against the dismissed parties:  BR Health, BR Medical, and Patient Financial Services.  This court has no jurisdiction to review the district court's order denying the motion to amend the complaint against Equifax and ECIS because they are not part of the certified order.  Because no final judgment has been entered against them and this issue is not one eligible for interlocutory review, we dismiss this portion of the appeal.[32]

---

[27]*See id,* 514 U.S. at 42, 115 S.Ct. at 1208 (collateral order doctrine only includes review of a small category of decisions "that are conclusive, that resolve important questions separate from the merits, and that are effectively unreviewable on appeal from the final judgment in the underlying action.").

[28]483 U.S. 669, 107 S.Ct. 3054, 97 L.Ed.2d 550 (1987).

[29]*Id.* at 675-676, 107 S.Ct. at 3059.

[30]*Id.* at 677, 107 S.Ct. at 3060.

[31]*Id.*

[32]*See Burden v. General Dynamics Corp.,* 60 F.3d 213, 215 n. 2 (5th Cir.1995) (holding that review of the denial of a motion to remand was improper as to defendants not before the court on a Rule 54(b) judgment).

*Transfer to the Middle District of Louisiana*

Appellant argues that the district court should have transferred the case to the Middle District of Louisiana rather than dismissing it, citing to a venue statute, and states that such a transfer will not prejudice the appellees. The defendants contend that because Lockard first raised his request for transfer in his motion for reconsideration of the district court's grant of their motion to dismiss, and that because Lockard has brought suit on these claims in a Louisiana state court, transfer of this action would be inappropriate.

The decision to alter or amend a judgment is committed to the sound discretion of the district court.[33] This court reviews the denial of a Rule 59 motion for an abuse of discretion.[34] Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued.[35] Denial of a motion for reconsideration is "especially soundly exercised when the party has failed to articulate any reason for the failure to raise the issue at an earlier stage in the litigation."[36]

Lockard does not give any reason for his failure to raise the issue of transferring the case to Louisiana at an earlier stage in the action. Lockard acknowledges that he has raised his claims in a Louisiana state court, and thus, transfer would be duplicative of that litigation. The district court did not abuse its discretion in denying a transfer of this action.

*CONCLUSION*

For the reasons stated above, Lockard's challenge to the district court's denial of his motion

---

[33]*O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir.1992).

[34]*Id.*

[35]*Id.*

[36]*Id.*

to amend the complaint is DISMISSED.  The district court's orders dismissing the defendants for lack of personal jurisdiction, denying the motion to remand, and denying the motion to transfer this case are AFFIRMED.