[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
November 23, 2005
THOMAS K. KAHN
CLERK

No. 04-14933
Non-Argument Calendar

_____

D. C. Docket No. 04-01119-CV-JTC-1

ALBERT NELSON,

Plaintiff-Appellant,

versus

LEE H. GREEN, Discipline
Hearing Officer,
FEDERAL BUREAU OF PRISONS,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(November 23, 2005)

Before TJOFLAT, ANDERSON and DUBINA, Circuit Judges.

PER CURIAM:

Albert Nelson, a pro se federal prisoner, appeals the denial of his motion to amend the district court's judgment dismissing his Bivens complaint for failure to state a claim. He argues that a liberal construction of his complaint and motion to amend indicates that he sufficiently raised a due process claim that the disciplinary hearing officer's guilty finding and consequent punishment violated his procedural and substantive due process rights. He argues that he has a constitutional right to have his correctional file free from false information and that the evidence was insufficient to support the decision of the disciplinary hearing officer that he was guilty of fighting with another inmate. He argues that the standard of review when a prisoner challenges a disciplinary board or hearing officer's finding of guilt is the more lenient "some evidence" standard, and not a "pre-atypical and significant hardship test." He argues for the first time on appeal that the fighting incident may prevent him from obtaining a favorable transfer to another prison and that he received seven days disciplinary time for the incident. He also raises the issue of whether a disciplinary hearing officer can find an inmate guilty of violating a federal regulation on something less than a preponderance of the evidence, and argues that under the current regulation providing for a standard of proof lower than a preponderance of the evidence, an inmate can be punished for an act he probably did not commit, which happened in his case.

We review the denial of a Rule 59(e) motion to alter or amend judgment for abuse of discretion. Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998). We do not review claims not raised in the district court except in limited circumstances. See Access Now, Inc. v. Southwest Airlines Co., 385 F.3d 1324, 1331-32 (11th Cir. 2004).

Pursuant to 28 U.S.C § 1915, the district court may dismiss a case filed in forma pauperis at any time if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C § 1915(e)(2)(B)(i-iii). "A claim is frivolous if it is without arguable merit either in law or fact." Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 395-397, 91 S.Ct. 1999, 2004-05, 29 L.Ed.2d 619 (1971), the Supreme Court held that injured plaintiffs can bring a cause of action for damages against federal officers based on violations of their constitutional rights. Bivens involved alleged violations of the Fourth Amendment, but the Supreme Court has also allowed Bivens actions for violations of the Due Process Clause of the Fifth Amendment. Davis v. Passman, 442 U.S. 228, 233-248, 99 S.Ct. 2264, 2271-2279, 60 L.Ed.2d 846 (1979).

3

An inmate, one who has already been deprived of liberty, can be deprived further of his liberty, such that due process is required, when (1) a change in the prisoner's conditions of confinement is so severe that it essentially exceeds the sentence imposed by the court, or (2) when the government has consistently bestowed a certain benefit to prisoners, usually through statute or administrative policy, and the deprivation of that benefit "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Kirby v. Siegelman, 195 F.3d 1285, 1290-91 (11th Cir. 1999) (citing Sandin v. Conner, 515 U.S. 472, 484 115 S.Ct. 2293, 2300, 132 L.Ed.2d 418 (1995)).

Nelson failed to allege in his complaint that he suffered any disciplinary action that was in excess of the sentence he was serving or was an atypical and significant hardship, and thus, his complaint failed to state an actionable claim under the standard set forth in Sandin. Because the district court correctly relied on Sandin in finding that Nelson had failed to allege the deprivation of a protected liberty interest, the court did not abuse its discretion in denying Nelson's motion to amend judgment on the basis that the court applied the wrong law.

**AFFIRMED**[1]

---

[1] Nelson's request for oral argument is denied.

4