[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-10940

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 27, 2012
JOHN LEY
CLERK

D.C. Docket No. 3:10-cv-00026-WKW-CSC

MALLORY & EVANS CONTRACTORS & ENGINEERS, LLC,

Plaintiff-Appellant,

versus

TUSKEGEE UNIVERSITY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Alabama

_____

(March 27, 2012)

Before DUBINA, Chief Judge, COX, Circuit Judge, and HUNT,[*] District Judge.

PER CURIAM:

---

[*]Honorable Willis B. Hunt, Jr., United States District Judge for the Northern District of Georgia, sitting by designation.

This case involves a contract dispute between the Plaintiff, Mallory & Evans Contractors & Engineers, LLC, and the Defendant, Tuskegee University.[1] Mallory & Evans claims that Tuskegee has not paid it the full amount due under their contract. Tuskegee claims that Mallory & Evans failed to satisfy a condition precedent for payments in excess of the specified contract price. The district court agreed with Tuskegee. After thoughtfully considering the parties' briefs, and with the benefit of oral argument, we find no reversible error. Therefore, we affirm.

## I. FACTS

In 2009, Tuskegee contracted with Mallory & Evans for certain dormitory renovations. It is undisputed that the parties contemplated a fixed contract price for this work. It is also undisputed that the contract included the terms of Tuskegee's Purchase Order. Item number 6 of the Purchase Order provided: "Prior approval must be granted by the Purchasing Department [of Tuskegee] if total exceeds amount

---

[1] We raised earlier concerns about the district court's jurisdiction in this case. Mallory & Evans invoked the court's diversity jurisdiction. But because Mallory & Evans is a limited liability company, it must allege the citizenship of its members. *See Rolling Greens MHP, L.P. v. Comcast SCH Holdings, L.L.C.*, 374 F.3d 1020, 1022 (11th Cir. 2004). The complaint did not identify the members of Mallory & Evans and did not allege their citizenship. After we raised this concern, we allowed Mallory & Evans to amend its complaint to allege the citizenship of its members. Mallory and Evans did so, but Tuskegee denied these allegations. On January 20, 2012, we entered a limited remand order and directed the district court to make jurisdictional findings about the citizenship of the members of Mallory & Evans. On remand, Tuskegee moved to amend its answer and admit that the members of Mallory & Evans are citizens of Georgia. The district court granted that motion. We are now satisfied that the district court had jurisdiction under 28 U.S.C. § 1332.

listed." (Dkt. 31-4 at 2.) The amount listed was $3,850,535.00. The parties agree that Item number 6 created a condition precedent for payments in excess of $3.85 million—namely, prior approval of those payments by Tuskegee's Purchasing Department.

It is undisputed that Mallory & Evans performed work outside the scope of the original renovation contract. But significantly, the renovation contract contains no relevant provision which excludes this additional work from the fixed contract price of $3.85 million or which protects Mallory & Evans from unforeseen contingencies. Instead, Mallory & Evans tried to modify the original contract (and increase the contract price) through proposed change orders. These proposed change orders identified the work not requested in the original contract. They also estimated the cost of this additional work.

Over the course of the project, Mallory & Evans submitted the four proposed change orders relevant to this appeal to Clifford Wesson, Tuskegee's construction manager. Pursuant to Tuskegee's policy, Wesson was to review any proposed change order and, if the order caused the project to exceed the contract price, forward it to Tuskegee's Purchasing Department for approval. If the proposed change order did not cause the project to exceed the contract price, Wesson did not have to forward it to the Purchasing Department. Mallory & Evans's initial estimates for the cost of the

3

relevant proposed change orders kept the dormitory renovations within budget. Wesson instructed Mallory & Evans to proceed with the work, but did not forward the proposed change orders to the Purchasing Department.

Additionally, over the course of the renovation, Tuskegee purchased equipment for Mallory & Evans to install. Because Tuskegee is exempt from state sales tax, these purchases (described as Tax Packages) allowed Tuskegee and Mallory & Evans to realize substantial tax savings. Mallory & Evans initially credited these Tax Packages toward Tuskegee's final bill.

In September 2009, Mallory & Evans had substantially completed its work and submitted its final pay request. That request sought payment for approximately $765,000. Tuskegee's payments, including the Tax Packages for which it claimed credit, already totaled about $3.45 million. Thus, Mallory & Evans's final pay request brought the project's total cost to $4.2 million—roughly $400,000 more than the amount listed in the contract. Tuskegee refused to pay that amount, and instead paid about $380,000—the difference between what it had already paid (including the Tax Packages) and the $3.85 million contract price.

## II. PROCEDURAL HISTORY

Mallory & Evans brought this suit to recover what it contends it is still owed under the contract. Before the district court, the parties agreed that Item number 6

4

created a valid condition precedent for payments in excess of $3.85 million. The

court found that Tuskegee did not breach the renovation contract when it refused to

pay more than $3.85 million because Mallory & Evans had not satisfied the condition

by getting prior approval from Tuskegee's Purchasing Department. Mallory & Evans

countered that Tuskegee waived the condition precedent by clothing Wesson with

apparent authority to approve the proposed change orders, and thereby to authorize

payments in excess of the contract price.[2] The district court rejected that argument

and entered summary judgment for Tuskegee. In a Fed. R. Civ. P. 59 motion, Mallory

& Evans asked the court to reconsider. In that motion, Mallory & Evans argued, for

the first time, that Tuskegee had not paid the full contract price and that Tuskegee had

ratified Wesson's actions. The district court rejected these arguments as untimely and

on their merits. Mallory & Evans now appeals the district court's grant of summary

judgment and the denial of its Rule 59 motion.

## III. ISSUES ON APPEAL

Mallory & Evans raises the following issues on the appeal: (1) has Tuskegee

paid the full contract price; (2) did Tuskegee waive the condition precedent in

---

[2] Mallory & Evans also sought recovery under an implied contract theory and under the equitable doctrines of quantum meruit and unjust enrichment. The district court rejected these arguments as barred by the existence of an express contract covering the same subject matter. *See, e.g.*, *Brannan & Guy, P.C. v. City of Montgomery*, 828 So. 2d 914, 921 (Ala. 2002)*; Kennedy v. Polar-BEK & Baker Wildwood P'ship*, 682 So. 2d 443, 447 (Ala. 1996). Mallory & Evans has not pursued these claims on appeal.

Item number 6 when Wesson failed to forward the proposed change orders to the Purchasing Department; (3) did Tuskegee waive the condition precedent in Item number 6 by clothing Wesson with apparent authority to approve the proposed change orders; and (4) did Tuskegee waive the condition precedent in Item number 6 by ratifying Wesson's approval of the proposed change orders?

## IV.  STANDARD OF REVIEW

We review a grant of summary judgment de novo and apply the same standards that bound the district court.  *See Midrash Sephardi, Inc., v Town of Surfside*, 366 F.3d 1214, 1222–23 (11th Cir. 2004) (citation omitted).

We review the denial of a Rule 59 motion for abuse of discretion.  *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998).  A party cannot use a Rule 59 motion to "relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment."  *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005) (citation omitted).

## V.  DISCUSSION

The district court properly granted summary judgment in this case.  It is undisputed that Item number 6 made prior approval from Tuskegee's Purchasing Department a condition precedent under the contract for payments in excess of $3.85

million. It is undisputed that Mallory & Evans never obtained prior approval for its costs in excess of that amount.

Instead, Mallory & Evans contends that Tuskegee waived the condition precedent in Item number 6 because Wesson failed to forward its proposed change orders to Tuskegee's Purchasing Department. It says that after it had submitted the proposed change orders to Wesson, it had done all it could do to obtain approval of those orders. Therefore, it says we should excuse its failure to satisfy the condition. Mallory & Evans's argument is misguided. Item number 6 clearly requires that "[p]rior approval must be granted by the Purchasing Department if total exceeds amount listed." (Dkt. 31-4 at 2.) Mallory & Evans cannot seriously contend that the mere submission of a proposed change order would guarantee the Purchasing Department's approval of that order, even if Wesson had already given it his blessing. The contract plainly required "prior approval" from the Purchasing Department before Tuskegee would pay more than $3.85 million under the contract. If Mallory & Evans wanted to get paid for change orders that caused the project's costs to exceed $3.85 million, it should have parked its equipment and waited for the Purchasing Department's approval. When Mallory & Evans kept working without that approval, it did so at its peril. And, Mallory & Evans's own records show that

7

it knew the Purchasing Department had not approved any of the relevant proposed change orders before it largely finished the work. Thus, this argument fails.

Mallory & Evans also contends that Tuskegee clothed Wesson with apparent authority to approve the proposed change orders and, thereby authorize payments in excess of $3.85 million. Apparent authority exists when a principal represents that an agent has authority to act and a third party reasonably relies on that representation to his detriment. *See McLemore v. Hyundai Motor Mfg. Ala., LLC*, 7 So. 3d 318, 329 (Ala. 2008). Here, Mallory & Evans bore the burden of establishing Wesson's apparent authority to approve payments in excess of $3.85 million. *See Johnson v. Shenandoah Life Ins. Co.*, 281 So. 2d 636, 640 (Ala. 1973). But Mallory & Evans identified no representations by Tuskegee which even suggest that Wesson had such authority. Moreover, the plain language of Item number 6 put Mallory & Evans on notice that Wesson lacked such authority. Because these are the only two arguments Mallory & Evans offered in opposition to Tuskegee's motion for summary judgment, we affirm the grant of summary judgment.

We also affirm the denial of Mallory & Evans's Rule 59 motion. In that motion, Mallory & Evans raised two new arguments: (1) that Tuskegee did not pay it the full contract price because the Tax Packages were erroneously credited to its final bill, and (2) that Tuskegee ratified Wesson's approval of the relevant change

8

orders.[3]  The district court rejected these arguments as an attempt to "relitigate old matters, raise argument[s] or present evidence that could have been raised prior to the entry of judgment." *Michael Linet, Inc.*, 408 F.3d at 763 (citation omitted).  This was not an abuse of discretion.

Although we are not required to address the substance of Mallory & Evans's new arguments, we note that the district court properly rejected them on the merits. First, Mallory & Evans contends that Tuskegee has not paid it the full contract price. It claims that the district court erroneously credited the value of the Tax Packages toward Tuskegee's final bill.  After subtracting these amounts from the final bill, Mallory & Evans claims that an unpaid balance of nearly $550,000 remains on the contract price.  This argument is belied by Mallory & Evans own statements during this case.  In its brief in opposition to summary judgment, Mallory & Evans treated the $3.85 million contract price as including the Tax Packages.  In its summary judgment order, the district court found it undisputed that Tuskegee had paid the full contract price.  Only later, after entry of judgment, did Mallory & Evans claim the contract price did not include the Tax Packages.  The district court properly rejected this argument as meritless.

_____

[3] In its initial brief, Mallory & Evans treats these arguments as if it raised them in opposition to Tuskegee's motion for summary judgment.  They did not, and we review them accordingly.

Mallory & Evans also contends that Tuskegee ratified Wesson's approval of the relevant proposed change orders. A principal ratifies an agent's actions when: (1) the agent's actions are unauthorized, *see Tuskegee Inst. v. May Refrigeration Co.,* 344 So. 2d 156, 158 (Ala. 1977); and (2) the principal accepts the benefits of those actions with "full knowledge of all the material facts" or when he could have learned of those facts through "reasonable diligence," *see Dusenberry v. First Nat'l Bank of Birmingham*, 122 So. 2d 716, 721 (Ala. 1960). Even if we assume that Wesson's actions were unauthorized, Mallory & Evans offered no evidence showing that Tuskegee knew the relevant proposed change orders would cause the project's costs to exceed $3.85 million. Nor was Tuskegee in a position to discover the true costs of those proposed change orders. In fact, Mallory & Evans did not know the final costs of the proposed change orders as late as two weeks prior to submitting its final pay request in September 2009. (Dkt. 65 at 9.) By that time, Mallory & Evans had already done most of the work. If Mallory & Evans did not know the true costs at that late date, it cannot seriously contend that Tuskegee could have discovered them by exercising reasonable diligence. Thus, this argument fails on the merits.

## VI. CONCLUSION

The undisputed facts show that Mallory & Evans failed to satisfy a condition precedent under the contract to receive payments in excess $3.85 million. Tuskegee

did not clothe Wesson with apparent authority to waive that condition. The district court properly granted summary judgment. The district court also properly rejected the arguments made in Mallory & Evans's Rule 59 motion.

AFFIRMED.