[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 11-15152
Non-Argument Calendar

_____

D. C. Docket No. 1:08-cv-02725-RWS

TIMOTHY BERUBE, et al.,

Plaintiffs-Appellants,

versus

MCCANN AEROSPACE MACHINING CORPORATION, et al.,

Defendants-Appellees.

_____

No. 11-15194
Non-Argument Calendar

_____

D. C. Docket No. 1:04-cv-00606-RWS

NEAL PARKER, et al.,

Plaintiffs-Appellants,

versus

ALCOA, INC., et al.,

Defendants-Appellees.

_____

Appeals from the United States District Court
for the Northern District of Georgia
_____
(August 10, 2012)

Before BARKETT, PRYOR, and ANDERSON, Circuit Judges.


PER CURIAM:

This case involves two separate actions consolidated for discovery purposes

at the district court level and likewise consolidated on appeal.  Plaintiffs appeal

from the district court's denial of their motion for reconsideration of its order

granting costs in favor of Defendants McCann and Alcoa.  After granting summary

judgment to Defendants, the district court entered a judgment on September 17,

2010, in which the Defendants were awarded their costs.[1]  Defendants filed

itemized bills of costs, and the clerk of court taxed costs in favor of Alcoa in the

amount of $41,048.82, and in favor of McCann in the amount of $41,477.97.

Thereafter, Plaintiffs filed a consolidated motion objecting to the taxation of costs,

arguing that all costs related to a 2007 appeal before the Eleventh Circuit should be

---

[1]    In a previous appeal, the Eleventh Circuit affirmed the district court's grant of
summary judgment.  Parker v. Schmiede Mach. & Tool Corp., 445 F. App'x. 231 (11th Cir.
2011) (unpublished).

2

denied and that many of the costs assessed were duplicative. On May 13, 2011, the district court issued an order affirming the award of costs, including costs related to the 2007 appeal.

Plaintiffs then filed a motion seeking reconsideration of the court's May 13, 2011, order. In their motion, Plaintiffs renewed their argument that all costs related to the 2007 appeal should be denied. Plaintiffs also raised new arguments: (1) that costs should not be taxed against them at all because Plaintiffs have limited financial resources, the imposition of costs will have a chilling effect on future litigants, the issues litigated were difficult and close, the Plaintiffs litigated in good faith, and the case raised issues of national importance; and (2) that the charges for photocopying and transcript delivery were unreasonable and clearly erroneous. In an order dated October 6, 2011, the district court denied the motion for reconsideration because it had already expressly dealt with and rejected Plaintiffs' arguments regarding the 2007 appeal. The district court also rejected Plaintiffs' new arguments against the imposition of costs in their entirety and against the photocopying and delivery charges, finding that the new arguments were untimely as they could have and should have been made in their original motion. Plaintiffs now appeal, raising the same arguments that they made in their motion for

3

reconsideration.[2]

We review a district court's decision to award costs to the prevailing party for abuse of discretion. Chapman v. AI Transp., 229 F.3d 1012, 1039 (11th Cir. 2000) (en banc). Similarly, we review a district court's denial of a motion for reconsideration for abuse of discretion. Corwin v. Walt Disney Co., 475 F.3d 1239, 1254 (11th Cir. 2007). "An abuse of discretion occurs if the [district court] fails to apply the proper legal standard or to follow proper procedures in making the determination, or bases an award upon findings of fact that are clearly erroneous." Cordoba v. Dillard's, Inc., 419 F.3d 1169, 1180 (11th Cir. 2005) (quotations omitted). A motion for reconsideration "should not be used to raise legal arguments which could and should have been made before the judgment was issued." Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998).

Federal Rule of Civil Procedure 54(d) provides: "Unless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). Rule

---

[2]    Plaintiffs also raise a new argument on appeal, contending that Defendants' costs should be reduced to account for any unfairness caused by taxing costs incurred in two consolidated cases against only one group of plaintiffs. However, this issue was not raised in Plaintiffs' briefs before the district court. "This Court has repeatedly held that an issue not raised in the district court and raised for the first time in an appeal will not be considered by this court." Access Now, Inc. v. Sw. Airlines Co., 385 F.3d 1324, 1331 (11th Cir. 2004) (quotations omitted). Thus, we will not consider this issue.

54(d) creates a "strong presumption" in favor of awarding costs to the prevailing party. Mathews v. Crosby, 480 F.3d 1265, 1276 (11th Cir. 2007). "To defeat the presumption and deny full costs, a district court must have and state a sound basis for doing so." Chapman, 229 F.3d at 1039. In awarding costs pursuant to Rule 54, a district court may, but need not, consider a non-prevailing party's financial status. Id. (noting that if a court chooses to consider financial status, "it should require substantial documentation of a true inability to pay").

Upon review of the record and consideration of the parties' briefs, we conclude that the district court is due to be affirmed. We agree that the new arguments raised in Plaintiffs' motion for reconsideration were untimely, and we agree that the district court did not abuse its discretion with respect to the costs associated with the 2007 appeal. Thus, we find that the district court did not abuse its discretion in denying that motion. Accordingly, we find no abuse of discretion in the district court's awarding of costs to Defendants, and we affirm.

**AFFIRMED.**[3]

---

[3] Plaintiffs' request for oral argument is DENIED.