[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-11686
Non-Argument Calendar
_____

D.C. Docket No. 1:19-cv-01439-LMM

CHRISTOPHER LENARD PUGH,

Plaintiff-Appellant,

versus

UNITED STATES OF AMERICA,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(December 17, 2020)

Before MARTIN, BRANCH, and ED CARNES, Circuit Judges.

PER CURIAM:

Christopher Pugh, a Georgia state prisoner acting pro se, believes that his May 2015 arrest by United States Marshals was unlawful.  In 2017 he filed a complaint against, among others, the United States, alleging that the 2015 arrest was unlawful and raising claims under the Federal Tort Claims Act, 28 U.S.C. § 1346.  That complaint was dismissed.

Pugh filed another complaint in 2019, also against the United States, also under the Federal Tort Claims Act, and also based on the arrest.  A magistrate judge issued a report that recommended the 2019 complaint be dismissed because it was barred by res judicata.  Pugh objected to the report, contending that res judicata did not bar his new case.  He argued that his new case was not the same cause of action as the old one because it was based on a different theory of recovery and relied on different evidence.  The district court rejected Pugh's argument and adopted the magistrate judge's report.  It ruled that Pugh's new case and his old one were both based on the 2015 arrest, so they were the same cause of action.

Pugh filed a motion for reconsideration.  His motion raised a new argument that res judicata did not apply because his previous complaint had been dismissed without prejudice.  The court denied the motion.  In doing so, it noted that the motion for reconsideration was the first time Pugh had raised that argument and

2

that, in any event, the claims in his previous complaint had actually been dismissed with prejudice.

Pugh appeals the denial of his motion for reconsideration, which we review only for an abuse of discretion. Lockard v. Equifax, Inc., 163 F.3d 1259, 1267 (11th Cir. 1998). A party cannot use a motion for reconsideration "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 957 (11th Cir. 2009) (quotation marks omitted). That "includes new arguments that were previously available, but not pressed." Id. (quotation marks omitted). And "we can affirm on any ground that finds support in the record." Big Top Koolers, Inc. v. Circus-Man Snacks, Inc., 528 F.3d 839, 844 (11th Cir. 2008).

The district court did not abuse its discretion in denying Pugh's motion for reconsideration, which was based solely on this argument that his previous case was dismissed without prejudice. But he did not make that argument when he objected to the magistrate judge's report, or at any other time before the court entered judgment, even though the argument was available to him and he could have done so. "[I]t was well within the district court's sound discretion to deny the motion for reconsideration." Wilchombe, 555 F.3d at 957.

**AFFIRMED.**

3