[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 23-12234

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

JAMAAL ABU TALIB HAMEEN,
a.k.a. Charles Flowers,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:18-cr-00115-MMH-JBT-1

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Jamaal Hameen, a federal prisoner proceeding *pro se*, appeals the district court's denial of his Fed. R. Civ. P. 59(e) motion for reconsideration of its denial of his Fed. R. Civ. P. 27 motion to depose various witnesses, and its denial of his Fed. R. Civ. P. 11 motion for sanctions, which he filed in his completed criminal proceedings. The government, in turn, moves for summary affirmance and to stay briefing.

Summary disposition is appropriate either where time is of the essence, such as "situations where important public policy issues are involved or those where rights delayed are rights denied," or where "the position of one of the parties is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case, or where, as is more frequently the case, the appeal is frivolous." *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1161-62 (5th Cir. 1969). A motion for summary affirmance postpones the due date for the filing of any remaining brief until we rule on the motion. 11th Cir. R. 31-1(c). An appeal is frivolous when the party is not entitled to relief because there is no basis in fact or law to support their position. *Bilal v. Driver*, 251 F.3d 1346, 1349 (11th Cir. 2001) ("A claim is frivolous if it is without arguable merit either in law or fact.").

We review the denial of a Rule 59 motion for reconsideration for an abuse of discretion. *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998) (civil). We similarly review the denial of a motion for Rule 11 sanctions for abuse of discretion. *Huggins v. Lueder, Larkin & Hunter, LLC*, 39 F.4th 1342, 1345 (11th Cir. 2022) (civil). "A district court abuses its discretion when it bases 'its ruling on an erroneous view of the law or on a clearly erroneous assessment of the evidence.'" *Id.* (quoting *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 405 (1990) (civil)). "It is elementary that the burden is on the appellant[] to show error." *Murphy v. St. Paul Fire & Marine Ins. Co.*, 314 F.2d 30, 31 (5th Cir. 1963) (civil).

The Federal Rules of Civil Procedure "govern the procedure in all civil actions and proceedings in the United States district courts . . . ." Fed. R. Civ. P. 1. Rule 27(b)(1) provides that "[t]he court where a judgment has been rendered may, if an appeal has been taken or may still be taken, permit a party to depose witnesses to perpetuate their testimony for use in the event of further proceedings in that court." Fed. R. Civ. P. 27(b)(1). The motion must show the name, address, and expected substance of the testimony of each deponent, and the reasons for perpetuating the testimony. *Id.* 27(b)(2)(A), (B). However, we have held that Rule 1 "unambiguously provides that '[t]hese rules govern procedure in the United States district courts in all suits of a civil nature . . . ,'" and cannot be used to challenge orders entered in a criminal case. *United States v. Mosavi*, 138 F.3d 1365, 1366 (11th Cir. 1998) (addressing where an appellant sought to set aside, via a Fed. R. Civ. P. 60(b) motion, a criminal forfeiture imposed as part of his sentence). We have

similarly held that proceedings pursuant to 18 U.S.C. § 3582(c)(2) are criminal in nature, and, therefore, the rules of civil procedure cannot be used. *United States v. Fair*, 326 F.3d 1317, 1318 (11th Cir. 2003). Notably, however, forms of post-conviction relief, such as habeas corpus proceedings, are civil in nature. *Id.*

Here, we grant the government's motion for summary affirmance because Hameen's appeal is frivolous. *Groendyke Transp., Inc.*, 406 F.2d at 1162. The district court correctly found that the Federal Rules of Civil Procedure have no application to provide relief in Hameen's closed criminal case. *See Mosavi*, 138 F.3d at 1366; Fed. R. Civ. P. 1. Therefore, the court did not abuse its discretion in denying both his motion for reconsideration and his motion for sanctions. *See Lockard*, 163 F.3d at 1267; *Huggins*, 39 F.4th at 1345. Further, Hameen's arguments, that the district court erred by failing to look beyond the label of his motion and that his Rule 27 motion was proper, in that he sought to perpetuate testimony for a future § 2255 motion, are ultimately meritless. *Bilal*, 251 F.3d at 1349. Specifically, Rule 27 allows, in civil cases, for the deposition of witnesses to perpetuate their testimony for use in the event of further proceedings in that court, while here, Hameen's criminal case is, and was, closed, and there were no further proceedings pending in the district court. Fed. R. Civ. P. 27(b)(1). Further, a future § 2255 motion would not be a "further proceeding in that court," as filing such a motion would generate a new, separate civil case. *See id.*; *see also Fair*, 326 F.3d at 1318.

23-12234                Opinion of the Court                5

Accordingly, Hameen's appeal is frivolous, so we GRANT the government's motion for summary affirmance.

**AFFIRMED.**