[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 07-14231
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 14, 2008
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00075-CV-4

BENJAMIN R. SINGLETON,

Plaintiff-Appellant,

versus

DEPARTMENT OF CORRECTIONS,
MR. FNU HAYNES, Transport
Officer, Georgia State Prison,
et al.,

Defendants,

MR. FNU JOHNSON,
Sergeant, Transport Officer,
Georgia State Prison,
DOUGLAS FRANKS,
JANE DOE, Nurse,
Georgia State Prison,
DARLENE PARKER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

**(May 14, 2008)**

Before BIRCH, DUBINA and WILSON, Circuit Judges.

PER CURIAM:

Benjamin R. Singleton, a Georgia prisoner proceeding *pro se*, appeals the district court's denial of his motion for reconsideration of its order dismissing his 42 U.S.C. § 1983 complaint. The district court found that Singleton's administrative appeal of his prison grievance was untimely, concluding that he failed to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a). Singleton argues that he timely handed the appeal to his counselor and that any delay was caused by prison officials. In the alternative, he argues that he had no administrative remedy "available" because prison officials prevented him from filing a timely administrative grievance appeal.

Singleton's complaint stems from a February 19, 2004, incident where a bus transporting prisoners caught fire. Singleton claims that he suffered injuries and a loss of property as a result of prison officials' wrongdoing. Two days later, on February 21, Singleton began the administrative grievance process by filing an

informal grievance. Then, on March 9, 2004, he filed a formal grievance regarding the incident with the Georgia Department of Corrections (the "DOC"). On March 30, 2004, Singleton received a response from the Warden denying him relief. The Standard Operating Procedures in place at that time provided that an inmate may appeal the Warden's response (by submitting the grievance and an appeal form to his assigned counselor or the Grievance Coordinator) within with four business days. In this case, Singleton had until April 5, 2004 to submit the forms to his counselor. Singleton's administrative appeal was denied by the DOC, which stated it was not received by the grievance office until April 9, 2004, and was therefore untimely.

The defendants assert that Singleton did not submit his appeal until April 6, 2004, one day late. They rely primarily on the "Date Appeal Received" line on Singleton's grievance form, which reads April 6, 2004 and is signed by an unidentified prison official. The form is also marked with a stamp noting that the appeal was received on April 9 by the Grievance Office. Singleton, on the other hand, asserts that he submitted his appeal to his assigned counselor days earlier. He relies, in part, on an affidavit stating that he handed his completed appeal and grievance form to his assigned counselor, Mr. Berglin, on or about April 1, 2004. He states that Berglin assured him that Berglin would place the forms in Chief

3

Counselor Joseph Peal's box.[1]  Singleton also submitted as evidence a grievance form dated May 21, 2004, where he complains that he timely handed his appeal forms to Berglin on March 31, 2004 and that Berglin was thus responsible for any delay in providing the forms to Peal.

Citing *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the district court treated the motion to dismiss for failure to exhaust as an "unenumerated Rule 12(b) motion" to dismiss rather than a motion for summary judgment.  Under this procedural framework, the district court indulged in considering matters outside the pleadings as well as deciding disputed issues of fact and making credibility determinations.  Accordingly, the district court considered both Singleton's and the defendants' evidence, and found that the "best evidence" of when Singleton submitted his appeal was the "Date Appeal Received" line on the grievance form, presumably finding that Singleton's contrary evidence lacked credibility.  The court concluded that Singleton had, thus, not "met his burden" of showing that he was thwarted from filing a timely appeal.

We review the district court's denial of a motion for reconsideration for abuse of discretion.  *Corwin v. Walt Disney Co.*, 475 F.3d 1239, 1254 (11th Cir.

---

[1] It is not clear whether the signature on the "Date Appeal Receive" line is Peal's.  It does not, however, seem to be that of Berglin, who appears to have signed the grievance form on March 9, 2004, confirming when the form was issued to Singleton.

2007). We review *de novo* a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement. *Johnson v. Meadows*, 418 F.3d 1152, 1155 (11th Cir. 2005). "[A] mistake of law is, by definition, an abuse of discretion." *Obasohan v. U.S. Atty. Gen.*, 479 F.3d 785, 788 (11th Cir. 2007) (internal quotation marks omitted).

The PLRA's exhaustion requirement is not jurisdictional. *Woodford v. Ngo*, 548 U.S. 81, —, 126 S. Ct. 2378, 2392, 165 L. Ed. 2d 368 (2006) (stating it is "clear that the PLRA exhaustion requirement is not jurisdictional"). Instead, exhaustion under the PLRA is an affirmative defense to be raised by the defendant and is subject to the usual procedural practice. *Jones v. Bock*, — U.S. —, 127 S. Ct. 910, 919-21, 166 L. Ed. 2d 798 (2007). While the existence of an affirmative defense may be clear from the face of the pleadings, in which case a Rule 12(b)(6) dismissal is appropriate,[2] we ordinarily treat affirmative defenses on summary judgment pursuant to Rule 56.[3] Furthermore, the burden of establishing an affirmative defense lies on the *defendant*, not on the plaintiff as the district court

---

[2] If a plaintiff fails to make sufficient allegations in his complaint such that an affirmative defense appears on its face, his complaint may be subject to dismissal under Rule 12(b)(6). *Jones*, 127 S. Ct. at 921; *Cottone v. Jenne*, 326 F.3d 1352, 1357 (11th Cir. 2003) ("A complaint is subject to dismissal under Rule 12(b)(6) when its allegations, on their face, show that an affirmative defense bars recovery on the claim.").

[3] Once "matters outside the pleadings are presented," a motion for dismissal pursuant to 12(b)(6) is no longer appropriate, and "the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d).

seems to suggest. *See e.g., Int'l Stamp Art, Inc. v. U.S. Postal Serv.*, 456 F.3d 1270, 1274 (11th Cir. 2006) (per curiam) ("If the movant bears the burden of proof on an issue, because, as a defendant, it is asserting an affirmative defense, it must establish that there is no genuine issue of material fact as to any element of that defense."). In this case, the district court looked beyond the pleadings, and therefore Rule 56 applies. Summary judgment is not appropriate where a genuine issue of material fact exists about an affirmative defense. *See* Fed. R. Civ. P. 56(c).

Accordingly, we find that district court abused its discretion in denying Singleton's motion for reconsideration, as its decision was based on an erroneous application of the PLRA's exhaustion requirement. We reverse the district court's denial of Singleton's motion and remand the case for the district court to determine whether Singleton has raised a genuine issue of material fact as to whether his appeal was timely filed.

**REVERSED AND REMANDED.**