[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 17, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-14971
Non-Argument Calendar
_____

D. C. Docket No. 06-00075-CV-4

BENJAMIN R. SINGLETON,

Plaintiff-Appellant,

versus

DEPARTMENT OF CORRECTIONS, ET AL.,

Defendants,

JEFFREY JOHNSON,
Sergeant, Transport Officer,
Georgia State Prison,
DOUGLAS FRANKS,
JANE DOE,
Nurses, Georgia State Prison,
DARLENE PARKER,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Georgia

_____

(April 17, 2009)

Before WILSON, PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Benjamin R. Singleton, a Georgia prisoner proceeding *pro se*, appeals the district court's dismissal of his civil rights complaint, brought pursuant to 42 U.S.C. § 1983, for failure to exhaust his administrative remedies as required by the Prisoner Litigation Reform Act, 28 U.S.C. § 1915A, 42 U.S.C. § 1997e(a) ("PLRA"). On appeal, Singleton asserts that the district court erred in dismissing his complaint because the district court: (1) failed to comply with a previous opinion we issued in his case by not applying summary judgment standards when resolving a factual dispute concerning whether he exhausted his administrative remedies; (2) erroneously found that he did not properly exhaust his administrative remedies because his administrative appeal was untimely; and (3) improperly determined that his administrative appeal was untimely without reference to his administrative appeal form, which was not included in the record. In addition, Singleton contends that the district court erred in denying his motion for reconsideration of its order dismissing his complaint.

## I.

We review "*de novo* a district court's interpretation and application of 42 U.S.C. § 1997e(a)'s exhaustion requirement." *Johnson v. Meadows*, 418 F.3d

2

1152, 1155 (11th Cir. 2005).  We review the district court's factual findings for clear error.  *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004).  Under 42 U.S.C. § 1997e(a), "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  "This provision entirely eliminates judicial discretion and instead mandates strict exhaustion, irrespective of the forms of relief sought and offered through administrative avenues."  *Johnson*, 418 F.3d at 1155 (internal quotation marks omitted).  In order to satisfy the PLRA's exhaustion requirement, "[p]risoners must timely meet the deadlines or the good cause standard of Georgia's administrative grievance procedures before filing a federal claim."  *Id.* at 1159.  "The defendants bear the burden of proving that the plaintiff has failed to exhaust his administrative remedies."  *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008).

We have held that "[b]ecause exhaustion of administrative remedies is a matter in abatement and not generally an adjudication on the merits, an exhaustion defense . . . is not ordinarily the proper subject for summary judgment; instead, it should be raised in a motion to dismiss..."  *Bryant v. Rich*, 530 F.3d 1368, 1374-75 (11th Cir. 2008) *cert denied*, 129 S. Ct. 733 (2008) (internal quotation marks

omitted).  A district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record.  *Id.* at 1376.

"Under the law of the case doctrine, both district courts and appellate courts are generally bound by a prior appellate decision in the same case."  *Alphamed, Inc. v. B. Braun Med., Inc.*, 367 F.3d 1280, 1285-86 (11th Cir. 2004).  This doctrine preserves judicial efficiency by ensuring that litigation comes to an end.  *Id.* at 1286.  However, we have held:

> The law of the case doctrine will bar us from reconsideration of an issue we have previously decided unless (1) our prior decision resulted from a trial where the parties presented substantially different evidence from the case at bar; (2) subsequently released controlling authority dictates a contrary result; or (3) the prior decision was clearly erroneous and would work manifest injustice.

*Id.* at 1286 n.3.

Here, the second exception to the law of the case doctrine applies.  In this Court's previous unpublished opinion in Singleton's case, we held that where lack of exhaustion is in dispute and is not apparent from the face of the pleadings, the issue should be considered on summary judgment.  *Singleton v. Dep't of Corr.*, No. 07-14231, 2008 U.S. App. Lexis 10776. At 5. (Per curiam).  We further held that because the district court considered facts beyond the pleadings in granting the

4

defendant's motion to dismiss for lack of exhaustion, the district court should have applied summary judgment standards. *Id.* at 6. Accordingly, we directed the district court to determine, on remand, whether Singleton raised a genuine issue of material fact regarding the timeliness of his administrative appeal. *Id.* This holding is at odds with this Court's subsequent published opinion in *Bryant*. In those cases we held that a district court should resolve factual disputes related to a motion to dismiss for lack of exhaustion without converting the motion to one for summary judgment. *Bryant*, 530 F.3d at 1374-76. Moreover, Singleton filed numerous pleadings, affidavits, and exhibits regarding the exhaustion issue throughout this litigation. Thus, the record demonstrates that Singleton had ample time to develop the record. *See Bryant*, 530 F.3d at 1376. Because *Bryant* is subsequent controlling authority, it dictates a result contrary to that in *Singleton*. *Alphamed*, 367 F.3d at 1286 n.3. Based on this Court's *Bryant* decision and the fact that Singleton had ample time to develop the record, the district court properly looked beyond the pleadings to resolve the exhaustion issue. *Alphamed*, 367 F.3d at 1286 n.3; *Bryant*, 530 F.3d at 1376.

Moreover, the district court did not clearly err in making the factual finding that Singleton failed to satisfy the PLRA's exhaustion requirement. *Chandler*, 379 F.3d at 1288; 42 U.S.C. § 1997e(a). Sgt. Johnson submitted the affidavit of James

Allen and the SOP in effect during April 2004, both of which confirmed that Singleton had four business days to file an administrative appeal. Attached to Singleton's complaint was a grievance form indicating that Singleton confirmed receipt of the warden's denial on March 30, 2004, and that a prison official confirmed receipt of Singleton's appeal on April 6, 2004, which was five business days later, and, therefore, one day late.

There is nothing in the record, other than Singleton's own affidavit, to verify his assertion that he handed his appeal to his grievance counselor on March 31, 2004. While Singleton asserts that the district court erred by failing to compel the defendants to produce a copy of his appeal form, the absence of this form does not demonstrate that the district court clearly erred in finding that the defendants met their burden of demonstrating lack of exhaustion. *Chandler*, 379 F.3d at 1288. In his pleadings below and briefs on appeal, Singleton does not explain why he was unable to include a copy of the appeal form or why the record indicates that prison officials did not receive an appeal form. Moreover, Singleton stated in his pleadings that inmates were required to attach an appeal form to the grievance form, and that the forms "become[] one in the appeal process." Thus, Singleton's pleadings and the record indicate that prison officials would have received Singleton's appeal form on the same date it received his grievance form–April 6,

2004. In addition, while Singleton points out that the appeal form is the only document that the inmate signs and dates, this date is not determinative of when prison officials received the appeal. As a result, the district court did not clearly err in finding that the date the prison officials placed on Singleton's grievance form on appeal was the "best evidence" of when he filed his appeal, and, accordingly, did not clearly err in finding that Singleton did not file his appeal until April 6, 2004. *Chandler*, 379 F.3d at 1288. Based on these factual findings, district court did not err in concluding that Singleton failed to exhaust his administrative remedies because he did not timely file his administrative appeal. *Id.*; *Johnson*, 418 F.3d at 1159. Accordingly, his complaint was properly dismissed for lack of exhaustion under the PLRA. *Johnson*, 418 F.3d at 1155, 1159.

## II.

We review the district court's denial of a motion for reconsideration for abuse of discretion. *Corwin v. Walt Disney World Co.*, 475 F.3d 1239, 1254 (11th Cir. 2007). "Motions for reconsideration should not be used to raise legal arguments which could and should have been made before the judgment was issued." *Lockard v. Equifax, Inc.*, 163 F.3d 1259, 1267 (11th Cir. 1998).

In his motion for reconsideration, Singleton merely repeated the arguments

that he raised before the district court dismissed his complaint. Accordingly, the district court did not abuse its discretion in denying Singleton's motion for reconsideration.

Upon review of the record and the parties' briefs on appeal, we discern no reversible error. Accordingly, we affirm.

**AFFIRMED.**